**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

---

No. 97-20820
Summary Calendar

---

LEEDO CABINETRY,

Plaintiff-Appellee,

VERSUS

JAMES SALES & DISTRIBUTION, INC., ET AL

Defendants,

AMERICAN KITCHEN & BATH INC. AND JAMES LANGE, Individually,

Defendants-Appellants.

---

Appeals from the United States District Court
for the Southern District of Texas

---

October 19, 1998

Before DAVIS, BENAVIDES, and PARKER, Circuit Judges.

ROBERT M. PARKER, Circuit Judge:

Appellants American Kitchen & Bath (AKB) and James Lange appeal from an entry of default judgment and order denying a motion to vacate default judgment. We affirm in part, vacate in part, and remand.

BACKGROUND

Leedo Cabinetry ("Leedo") sold cabinets to James Sales & Distribution, Inc., ("James Sales"), a wholesale distributor of cabinets and other items.  James Sales sold cabinetry to AKB, a retailer with multiple retail outlets in Chicago and surrounding areas.  James Lange is the Chief Executive Officer of James Sales and AKB.  AKB's home office and principal place of business  is located at 2211 North Elston, Chicago, Illinois.

Leedo sold cabinets to James Sales and shipped them to James Sales' warehouse at 15535 South Lathrop, Harvey, Illinois 60426, but was never paid.  On July 21, 1997, Leedo filed suit against AKB, Lange, and James Sales seeking preliminary and permanent injunctive relief and a writ of sequestration.  On July 29, 1997, James Sales filed for bankruptcy.  Through the bankruptcy proceedings, Southwest Financial Bank & Trust Co. obtained possession of the cabinets as collateral for a loan to James Sales.  Thus, Leedo abandoned its attempt to sequester the cabinets from James Sales.

Leedo served process on AKB and Lange by serving the Texas Secretary of State under the Texas Long Arm Statute.  The address given by Leedo for AKB was for one of the satellite retail locations at 2450 Sibley Blvd., Posen, Illinois 60469.  Lange was listed with the Illinois Secretary of State as being the registered agent for service of process for AKB at the Sibley Blvd, Posen address.  However, AKB claims that Leedo knew that

2

AKB's home office was at the North Elston, Chicago address.

The Texas Secretary of State issued a certification of service which indicated that return receipt was received by "Addressee's Agent"; nothing in the record showed that Lange was served with process. Lange filed a sworn affidavit stating that he never received service on behalf of AKB.

Leedo attempted service upon Lange, individually, by requesting the Texas Secretary of State to forward process to the James Sales location on North Lathrop in Harvey, Illinois. As a result of the James Sales bankruptcy, the Harvey location was vacated and locked before July 24, 1997. Thus, the Secretary of State's certification for Lange reflected the return receipt as having the notation, "Forwarding Order Expired." Lange's home address during this entire period of time was 17809 Park, Lansing, Illinois 60438. Lange was never served at his home address.

Leedo obtained a default judgment against AKB and Lange, individually. Without conducting an evidentiary hearing, the district court awarded Leedo $171,713.49. AKB and Lange moved to set aside the default on the grounds that Leedo failed to perfect service of process and challenging the amount awarded without the court holding an evidentiary hearing. The district court denied the motion to vacate default judgment in a one-sentence order. AKB and Lange timely appeal.

ANALYSIS

I.    Denial of Motion to Set Aside Default

The district court denied AKB and Lange's motion to set aside the default judgment under Federal Rule of Civil Procedure 60(b).  We will not disturb a district court's decision to deny relief under Rule 60(b) "unless the denial is so unwarranted as to constitute an abuse of discretion."  *Bludworth Bond Shipyard, Inc. v. M/V Caribbean Wind*, 841 F.2d 646, 649 (5th Cir. 1988).  However, when a district court lacks jurisdiction over a defendant because of lack of service of process, the default judgment is void and must be set aside under Rule 60(b)(4).  *Id.*

AKB and Lange argue that Leedo failed to comply with the Texas Long Arm Statute which provides in pertinent part:

§ 17.045.  Notice to Nonresident

(a)  If the secretary of state is served with duplicate copies of process for a nonresident, he shall require a statement of the name and address of the nonresident's home or home office and shall immediately mail a copy of the process to the nonresident.

Tex. Civ. Prac. & Rem. Code § 17.045(a).

A.    American Kitchen & Bath

Under the Texas Long Arm Statute, Leedo had to provide the Secretary of State the home office address of AKB.  AKB maintains that its home office is located at 2211 North Elston, Chicago, Illinois, and that Leedo was aware of this address due to prior dealings between Leedo's representatives and Lange.  However,

4

Leedo provided the Texas Secretary of State with one of AKB's satellite retail locations address at Sibley Blvd., Posen, Illinois. Leedo chose this address because AKB listed the Sibley Blvd-Posen address with the Illinois Secretary of State as the correct address for service of process. Additionally, the sales agreement between Leedo and James Sales and AKB had the Sibley Blvd-Posen address. *See* Plaintiff's Original Petition, Exhibit A. Regarding service on AKB, the Texas Secretary of State's certificate reflected that the certified mail return receipt bore the signature of "Addressee's Agent" at the Sibley Blvd-Posen address.

The Texas Long Arm Statute provides no definition for "home" or "home office." *See* Tex. Civ. Prac. & Rem. Code §§ 17.044, 17.045 (Vernon 1997). *See also Mahon v. Caldwell, Haddad, Skaggs, Inc.*, 783 S.W.2d 769 (Tex. App. - Fort Worth 1990, no writ). Although no Texas case addresses the precise issue before the court, *Mahon*[1] offers some guidance. In *Mahon*, the court held

---

[1]The *Mahon* court has been criticized by other Texas appellate courts for only giving lip service to the requirement of strict compliance with the long arm statute. *See Whiskeman v. Lama*, 847 S.W.2d 327 (Tex. App. - El Paso 1993, no writ); *Boreham v. Hartsell*, 826 S.W.2d 193 (Tex. App. - Dallas 1992, no writ). This is because in serving Mahon, the plaintiff alleged in its petition that Mahon could be served "at his place of business" instead of at his "home or home office" as required by the Texas Long Arm statute. Despite the requirement in the statute, the *Mahon* court concluded that the plaintiff need not allege that the address provided to the Secretary of State is the "home or home office" as long as that address is in fact the home office. *See Mahon*, 783 S.W.2d at 771. This aspect of the *Mahon* ruling is contrary to most

5

*inter alia* that "where only one address is given in a contract as the business address it is the `home office' of the party using such address." *Id.* at 771. The actual address of the home office was much clearer in *Mahon* as that address was the only address to appear in all documents in the record. In this case, the Sibley Blvd-Posen address appears in the sales contract, the Harvey, Illinois address appears in various invoices throughout the record as the cabinets were shipped to that address, and two Leedo representatives met Lange at the actual home office (the North Elston-Chicago address). Nonetheless, the *Mahon* court singled out the only address given in the contract as being the "home office" for purposes of the Long Arm Statute.

In this case, we need not rely solely on the argument that the Sibley Blvd-Posen address was the only address to appear in the sales agreement, because it also was the address provided by AKB to the Illinois Secretary of State as the correct address for service of process. We conclude that Leedo provided AKB's home office address for purposes of the Long Arm Statute. Even if the Sibley Blvd-Posen address was not in fact the home office of AKB, AKB held out the Sibley Blvd-Posen address as its home office by registering that address with the Illinois Secretary of State and

---

of the case law in Texas, and does not serve as the basis for this court's conclusion because AKB's challenge on appeal is not to the allegations on the face of the complaint, but instead is to whether the Sibley Blvd-Posen address is in fact the home office for purposes of the long arm statute.

by placing it as the only address in the sales agreement.  We find it disingenuous for AKB to argue otherwise.  The objective of the Texas Long Arm Statute is to provide reasonable notice of the suit and an opportunity to be heard.  *See Barnes v. Frost National Bank*, 840 S.W.2d 747, 750 (Tex. App. - San Antonio 1992, no writ).  That objective has been satisfied.

Alternatively, AKB argues that this court should set aside the default judgment under Fed. R. Civ. P. 60(b) for good cause.  *See CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60 (5th Cir. 1992).  AKB maintains that good cause exists because it did not expect that Leedo had a viable claim against it and upon receipt of the Original Petition, Lange could have been confused as to which company was alleged to be liable on the debt for cabinets in the possession of James Sales.  We fail to see how this establishes good cause.  Finally, AKB argues that it has a meritorious defense because the documents appended to the Original Petition fall short of even raising an inference that a debt was owed to Leedo by AKB.  We disagree.  AKB signed the Security Agreement.  Further, AKB failed to cite any authority on appeal or below to support the argument that it had a meritorious defense.  We find that the district court did not abuse its discretion.

Accordingly, the denial of the motion to set aside default judgment against AKB is affirmed.

7

B.    James Lange

Under the Texas Long Arm Statute, Leedo had to provide the Secretary of State with Lange's home address which was 17809 Park, Lansing, Illinois 60438.  Lange was never served at this address.  Leedo attempted service upon Lange, individually, by requesting the Texas Secretary of State to forward process to the James Sales location on North Lathrop in Harvey, Illinois.  As a result of the James Sales bankruptcy, the Harvey location was vacated; thus, the Secretary of State's certification for Lange reflected the return receipt as having the notation, "Forwarding Order Expired."

The law makes no presumptions in favor of valid issuance, service, and return of citation in a default judgment case.  *See Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex. 1985).  Here, Leedo clearly failed to comply with the provisions of the long arm statute.  The statute requires that Lange be served at his home address in Lansing, Illinois.  Leedo admits it provided the Secretary of State with the Havey, Illinois address to serve Lange in his individual capacity.  Unlike AKB's "home office" address, there is no question in the record as to Lange's "home" address throughout this period.  Interestingly enough, attached as Exhibit E to Leedo's Response to the Motion to Vacate Default Judgment is a copy of the Illinois Secretary of State record obtained by Leedo's counsel

prior to filing suit which was used by Leedo to show that AKB's address for service of process was the Sibley Blvd-Posen address. James Lange's home address also appears on that same document. There appears to be no reason why Lange should have been served at any address other than his home address in Lansing, Illinois.

Alternatively, Leedo argues that service on Lange was effective because it complied with Tex. R. Civ. P. 108 and 106(a)(2). Assuming compliance with these rules, Leedo fails to cite any case to support the proposition that a party's compliance with Texas Rules of Civil Procedure obviates the need to comply with the long arm statute's requirement to serve and provide to the Secretary of State the nonresident defendant's home address. Moreover, Leedo's argument is foreclosed by *World Distributors, Inc. v. Knox*, 968 S.W.2d 474, 479 (Tex. App. - El Paso 1998, no writ)(holding that Rule 108 authorizes service by any disinterested person competent to make oath of the fact, but that the Secretary of State is not authorized by law to serve process).

Under the Texas Long Arm Statute, process had to be forwarded by the Secretary of State to Lange's home address. Leedo failed to provide Lange's home address to the Texas Secretary of State, the return receipt had the notation "Forwarding Order Expired," and Lange provided an affidavit attesting that he never personally received service. Under these

9

circumstances, personal service cannot possibly have been effected. Accordingly, default judgment against Lange is reversed for failure to effect service of process, and the judgment with respect to Lange is vacated and the case is remanded to the district court.

II.  Necessity of an Evidentiary Hearing

This court reviews a district court's determination of damages pursuant to a default judgment without the benefit of an evidentiary hearing for abuse of discretion.  *See James v. Frame*, 6 F.3d 307, 309-10 (5th Cir. 1993).  In light of the foregoing, we only address this argument with respect to the default judgment entered against AKB.

In determining whether the district court abused its discretion in awarding damages without benefit of an evidentiary hearing, we received no assistance from the district court which entered its ruling denying the motion to vacate default judgment without explanation.  To further frustrate this situation, the appellee failed to address this point on appeal in its Appellate Brief.  Nonetheless, we cannot ignore our own case law on this issue.  We previously have explained that although the general rule is unliquidated damages normally are not awarded without an evidentiary hearing, that rule is subject to an exception "where the amount claimed is a liquidated sum or one capable of

10

mathematical calculation." *Id.* at 310. Here, Leedo submitted by affidavit and supporting documents that the debt owed was in the amount of $171,713.49. This amount was capable of mathematical calculation. We find no abuse of discretion in the district court's decision to award damages without an evidentiary hearing.

AKB next challenges the amount of damages awarded by arguing that as a matter of law it cannot be held liable for James Sales' debt based on the documents in the record. The default judgment conclusively established AKB's liability. *See United States v. Shipco General*, 814 F.2d 1011, 1014 (5th Cir. 1987) (holding that a default judgment is a judgment on the merits conclusively establishing a defendant's liability). This is merely a back-door attempt to challenge liability. If AKB wanted to argue about liability it should have answered the lawsuit. The damages award against AKB is affirmed.

AFFIRMED IN PART; VACATED IN PART; REMANDED.