IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40382
Conference Calendar

_____

LEONARD B. HARMON,

Plaintiff-Appellant,

versus

TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-98-CV-464
- - - - - - - - - -
April 13, 2000

Before WIENER, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

Leonard B. Harmon, Texas state prisoner # 661460, appeals the district court's dismissal as frivolous of a 42 U.S.C. § 1983 complaint challenging the prison's grooming policy. Harmon asserted that the grooming policy violated his First Amendment rights to freedom of expression and exercise of religion. On appeal, he argues that the district court committed the following errors: (1) it did not follow the proper rules and procedures;

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(2) it erred when it dismissed his complaint as frivolous and denied his motion for a preliminary injunction/temporary restraining order; (3) it erred when it denied his first and second motions to alter or amend judgment; (4) it erred when it treated his motion to object to the finding of the court and request to amend the judgment as a third motion to alter or amend judgment; and (5) it erred when it denied his motion to recuse the district court and magistrate judges. Harmon also filed a motion to expedite the appeal or, in the alternative, to grant an injunction pending appeal. This motion is DENIED.

Harmon did not file a timely notice of appeal from the dismissal of his § 1983 complaint because it was not filed within 30 days of the denial of his first Fed. R. Civ. P. 59(e) motion to alter or amend judgment. *See* Fed. R. App. P. 4(a)(4)(A)(iv); *see Nelson v.* Foti, 707 F.2d 170, 171 (5th Cir. 1983)(timely notice of appeal is a necessary precondition to the exercise of appellate jurisdiction). He did, however, file a timely notice of appeal from the district court's denial of his Fed. R. Civ. P. 60(b) motion. Thus this court has jurisdiction to consider the issues raised in Harmon's Rule 60(b) motion. *See Williams v. Chater*, 87 F.3d 702, 705 (5th Cir. 1996).

Harmon fails to adequately brief the issues on appeal. He relies on conclusional assertions without identifying specific errors and attempts to incorporate by reference arguments from his objections to the magistrate judge's report and recommendation. *See Al-Ra'id v. Ingle*, 69 F.3d 28, 31, 32 (5th Cir. 1995); *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir.

1993).  Moreover, this court has already addressed the central issue on appeal and held that the prison grooming policy is rationally related to a legitimate state interest and does not create a cause of action under § 1983.  *See Scott v. Mississippi Dept. of Corrections*, 961 F.2d 77, 80-81 (5th Cir. 1992); *Powell v. Estelle*, 959 F.2d 22, 23-26 (5th Cir. 1992).  The district court did not abuse its discretion when it denied Harmon's Rule 60(b) motion.  *See Leedo Cabinetry v. James Sales & Distribution, Inc.*, 157 F.3d 410, 412 (5th Cir. 1998).

Harmon's appeal is without arguable merit and is frivolous. *See Howard v. King*, 707 F.2d 215, 219, 220 (5th Cir. 1983). Accordingly it is DISMISSED.  *See* 5TH CIR. R. 42.2.  The district court's dismissal as frivolous and this court's dismissal of Harmon's appeal as frivolous count as two "strikes" against him for purposes of 28 U.S.C. § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996).  Harmon has previously accumulated two strikes for frivolous appeals.  *See Harmon v. Texas Dept. of Criminal Justice*, No. 97-41512 (5th Cir. June 11, 1998); *Harmon v. United States Court of Appeals, for the Fifth Circuit*, No. 97-31106 (5th Cir. May 28, 1998).  Because he now has at least three strikes under the statute, Harmon may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  § 1915(g).

APPEAL DISMISSED; MOTION DENIED; 28 U.S.C. § 1915(g) BAR IMPOSED.