Timothy PIGFORD, et al., Plaintiffs,

v.

Ann VENEMAN, Secretary, United States Department of Agriculture, Defendant.

Cecil Brewington, et al., Plaintiffs,

v.

Ann Veneman, Secretary, United States Department of Agriculture, Defendant.

Nos. Civ. A. 97–1978(PLF), Civ. A. 98–1693(PLF).

United States District Court, District of Columbia.

Nov. 26, 2001.

Jacob A. Stein, Stein, Mitchell & Mezines, Washington, DC, Alexander John Pires, Jr., Conlon, Frantz, Phelan & Pires, Washington, DC, Richard Talbot Seymour, Lieff, Cabraser, Heimann & Bernstein, LLP, John Michael Clifford, Mona Lyons, Clifford, Lyons & Garde, Washington, DC, Marcus B. Jimison, Durham, NC, Stephen J. Bowens, Durham, NC, Phillip L. Fraas, Tuttle, Taylor & Heron, Washington, DC, for plaintiffs.

Daniel Edward Bensing, U.S. Attorney's Office, Washington, DC, Terry M. Henry, Susan Hall Lennon, Amanda Quester, Michael Sitcov, U.S. Department of Justice Civil Division, Washington, DC, David Monro Souders, Weiner Brodsky Sidman & Kider, PC, Washington, DC, for Defendants.

*MEMORANDUM OPINION
AND ORDER*

PAUL L. FRIEDMAN, District Judge.

The Court has before it twenty-nine motions filed by individual claimants [1]—all separate but very similar in content—to vacate judgment and/or to intervene in this case, and defendant's multiple oppositions thereto. *See* Defendant's Opposition to Motions to Vacate Judgment and, In One Case, to Intervene (September 7, 2001); Defendant's Opposition to Motions to Vacate Judgment, and Defendant's Motion For an Order to Show Cause (September 13, 2001); Defendant's Opposition to Rule 60(b) Motions (September 20, 2001). In addition, the Court has received numerous informal letters from claimants asking the Court to reverse the Arbitrator's denial of their petitions to file a late claim, or to allow late filing where a petition never has been filed with the Arbitrator. Because these motions concern common issues of law and fact, the Court addresses them as an aggregate rather than individually.

In the original Consent Decree settling this case, negotiated by the parties and approved by the Court, farmers seeking relief under the settlement were required to file claim packages by October 12, 1999. Consent Decree, ¶ 5(c) (April 14, 1999). The only way for a claimant to become part of the settlement after this deadline was to file under Section 5(g) of the Decree, which allowed farmers to file late claims but only if their failure to file within the allotted time resulted from "extraordinary circumstances beyond [their] control." After the October 12, 1999, deadline passed, however, the Court learned that a large number of individuals planned to seek permission to late file under Section 5(g). Finding that it would be "more efficient and expeditious" to let these claims be decided on a case-by-case basis by the Arbitrator, the Court delegated its authority to the Arbitrator in this case, Michael Lewis, to apply the "extraordinary circumstances" standard set out in Section 5(g) of the Decree. *See* Order (December 20, 1999).

Initially, the Court allowed late-claim petitions under Section 5(g) to be submitted only through January 30, 2000. *Id.* By stipulation and order of July 14, 2000, however, the Court again decided that the number of claimants seeking to file late claims warranted further enlargement of time, and the deadline was extended to September 15, 2000. This date of September 15, 2000, was an *absolute* deadline, intended to be the final date by which all Section 5(g) petitions had to be submitted. It represented a substantial allowance beyond the original deadlines set in the Consent Decree. *See* Stipulation and Order (July 14, 2000).

As of November 2001, Michael Lewis has received approximately 68,000 petitions to file a late claim in this case, pursuant to Section 5(g) of the Decree. *See* Arbitrator's Report on the Late–Claim Petition Process at 11 (November 14, 2001) ("Arbitrator's Report") attached hereto.[2] Of these, 61,000 were filed by the September 15, 2000, deadline, and thus clearly are eligible for consideration. *Id.* at 5. Mr. Lewis has considered approximately 41,000 of these timely petitions to file a late claim,

---

1. The movants are: Larry Barnes, Daryl Brentr, Linda Catching, Lois Clark, Evelyn Coleman, Colie, Curtis and Harold Dixon, Larry and Betty Garrett, Edith Lomax–Barnes, Willie and L.D. Maymon, Ezra and Carrie McNair, Grover and Geraldstine Mil-

ler, Carolyn Smith, Marilyn Stewart and Henry and Florla Vaughn.

2. Mr. Lewis' report also may be found on the District Court's website at http://www.dcd.uscourts.gov/district-court-recent.html.

almost 40,000 of which he denied. *Id.* Most of the movants now before the Court seek relief from these denials, asking the Court to reverse Mr. Lewis' decision and grant them permission to file late claims in this case under Section 5(g) of the Decree. The threshold issue, therefore, is whether the Court has or should assert the authority to reverse Mr. Lewis' denials.

The Court has delegated the authority to decide these petitions—completely and finally—to Michael Lewis. *See* Order of December 20, 1999; Stipulation and Order of July 14, 2000. Furthermore, the Court finds that its delegation to Mr. Lewis included the authority not only to consider late-claim petitions but also to *reconsider* denials of these petitions. Mr. Lewis has informed the Court that he has a reconsideration policy in place, through which individuals whose late-claim petitions have been denied may ask for reconsideration by the Arbitrator. *See* Arbitrator's Report at 8–11. The existence and implementation of such a policy affirms the wisdom of giving Mr. Lewis final authority—his own process for reconsideration assures that justice will be served through his decisions.

Indeed, petitioners under Section 5(g) of the Consent Decree actually receive far more consideration under Mr. Lewis' reconsideration process than they would under Rule 60(b) of the Federal Rules of Civil Procedure if this Court had retained authority to decide late-claim petitions. Under the Rule 60(b) standard, a discretionary decision such as this—whether to allow late claims based on "extraordinary circumstances"—could be considered by this Court only within a limited time frame and would only be cursorily reviewed by our court of appeals, if reviewed at all. *See Twelve John Does v. D.C.,* 841 F.2d 1133, 1138 (D.C.Cir.1988) (sound discretion of trial court reviewed by court of appeals on abuse of discretion standard): *see also Leedo Cabinetry v. James Sales & Distribution, Inc.,* 157 F.3d 410 (5th Cir.1998) (same); *In re Gledhill,* 76 F.3d 1070 (10th Cir.1996) (same). Indeed, the sheer volume of denied Section 5(g) petitions, already over 40,000, would preclude individualized review of each claim by any court. The procedures outlined in detail in the Arbitrator's Report demonstrate that the Court has ensured a far more thorough consideration and reconsideration of all claims by delegating its authority to Mr. Lewis. While the Court retains authority over general implementation of the Consent Decree, *see Pigford v. Glickman,* 185 F.R.D. 82, 110 (D.D.C.1999), the Court finds that Mr. Lewis' late-claim petition processes are more than sufficient to ensure that Section 5(g) of the Consent Decree is properly and justly applied and to assure that fair process is afforded. Furthermore, because the Court has seen no evidence that Mr. Lewis has abused his discretion, the Court will not second-guess his decisions as movants request.

The Court also rejects movants' objections to the Stipulation and Order of July 14, 2000. Even if a party is entitled to challenge an order to which that party's own counsel agreed (of which the Court is not at all convinced), the time for objection has passed. The Court's order of July 14, 2000, clearly stated that "any person who objects to any aspect of this Stipulation and Order shall submit his/her objections to this Court within 30 days of the entry of this order." It being now more than fifteen months beyond that deadline, the Court rejects movants' objections and all related arguments for vacation of judgment.

Finally, several movants have sought to intervene in this case. Because this is a closed case, the Court denies these motions. While the Court retains authority

over implementation of the Consent Decree, there are no ongoing proceedings in which the movants may participate. Thus, all motions to intervene are denied. Upon consideration of the foregoing it is hereby

ORDERED that the instant motions to vacate judgment and/or to intervene [482–1; 483–1; 484–1; 485–1; 485–2; 488–1; 489–1; 490–1; 492–1; 494–1; 496–1; 496–2; 497–1; 497–2; 498–1; 498–2; 500–1; 500–2; 501–1; 501–2; 507–1; 507–2; 508–1; 508–2; 512–1; 513–1; 514–1; 516–1; 527–1] are DENIED.

SO ORDERED.