UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20365
SUMMARY CALENDAR
_____

BRANDI HYDE,

Plaintiff - Appellant,

v.

JOHN LEO NICHOLAS, ET AL.,

Defendants,

JOHN LEO NICHOLAS, Individually, and in His Official Capacity as an Officer for the Houston
Independent School District Police Department; HOUSTON INDEPENDENT SCHOOL
DISTRICT,

Defendants - Appellees.

_____

Appeal from the United States District Court for the
Southern District of Texas, Houston
(H-99-CV-3908)

_____

February 19, 2002

Before REYNALDO G. GARZA, SMITH, and PARKER, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:[1]

        In this appeal, we review a district court's decision to grant summary judgment in favor of

one defendant and the adequacy of the compensatory damages it awarded against another. For

the following reasons, we affirm the district court's judgment.

_____

        [1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5th Cir. R.
47.5.4.

I

The essential facts underlying this case are undisputed. Defendant John Leo Nicholas was a police officer with the Defendant-Appellee Houston Independent School District (HISD). During the course of Nicholas's employment, HISD required him to sign a form outlining the school district's sexually harassment policy. Before affixing his signature to the policy, Nicholas drafted a handwritten addition that read, "I am signing that I have read this form. My signature does not denote agreement with the procedures to be followed in an investigation nor does it imply that I grant HISD the right to intrude into my personal life."

Almost three years later, while on duty, Nicholas stopped a vehicle driven by Plaintiff-Appellant Brandi Hyde. Nicholas directed Hyde to follow him to a nearby school parking lot. Once there, he sexually assaulted her. He was subsequently charged with, and convicted of, sexual assault. *See State of Texas v. Nicholas*, Nos. 754711 & 754712, 339th Dist. Ct., Harris County, Texas Jan. 16, 1998.

Hyde filed a 42 U.S.C. § 1983 complaint against HISD, Nicholas, and Richard John Frankie, the supervisor of the HISD police department. Hyde later filed a motion to dismiss Frankie from the lawsuit, which the district court granted. The court then entered a default judgment against Nicholas and ordered him to pay $50,000 in compensatory damages and $20,000 in attorneys' fees. The district court also granted HISD's motion for summary judgment.

Hyde moved for a new trial, arguing that the damages award was inadequate. She asked the district court to reconsider the issue and to permit live testimony. The district court denied Hyde's motion.

II

Hyde first claims that the district court erred in granting summary judgment in favor of HISD. She argues that Nicholas's handwritten addition to the school district's sexual harassment policy created a policy or custom of sexual harassment that can be attributed to HISD because the school district knew of the addition and failed to challenge or correct it.

We review a district court's decision to grant summary judgment de novo. *Ameristar Jet Charter, Inc. v. Signal Composites, Inc.*, 271 F.3d 624,626 (5th Cir. 2001). Summary judgement is appropriate only if the moving party can establish that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In determining whether summary judgment is appropriate, we must view the facts, as well as all reasonable inferences that can be drawn therefrom, in the light most favorable to the nonmoving party. *Ameristar Jet Charter*, 271 F.3d at 626.

A political subdivision such as a school district cannot be vicariously liable under § 1983 for the alleged misconduct or negligence of an employee. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Evans v. Houston*, 246 F.3d 344, 358 (5th Cir. 2001). Instead, a political subdivision can only be liable under § 1983 if it maintains a policy that causes the deprivation of a federal or constitutional right. *Monell*, 436 U.S. at 694; *McConney v. Houston*, 863 F.2d 1180, 1184 (5th Cir. 1989). For the purpose of finding a political subdivision liable under § 1983, a policy could be found in a policy statement, ordinance, regulation, or any decision that is officially adopted and promulgated by one or more officials with policy-making authority. *McConney*, 863 F.2d at 1184. A policy could also be "a persistent, widespread practice of city officials or employees that, although not authorized by officially adopted policy, is so common and well

settled as to constitute a custom that fairly represents official municipal policy." *Id.* Numerous prior incidents of police misconduct may tend to prove a policy, but isolated instances are inadequate to prove knowledge and acquiescence by the policymakers. *Id.*

Hyde asserts that Nicholas's handwritten addition to the HISD's sexual harassment policy effectively changed that policy. She further asserts that the changed policy can be attributed to HISD because the school district knew about the addition and failed to challenge or correct it. However, Nicholas's amendment made no substantive changes to the policy. It related to the investigatory procedures only and made no attempt to waive Nicolas's responsibility for acts of sexual harassment. Because Nicholas' amendment did not change HISD's sexual harassment policy, HISD maintained no policy that permitted Nicholas to sexually assault Hyde. For this element of her § 1983 claim, Hyde has failed to establish a genuine issue of material fact, and we affirm the district court's decision to grant summary judgment in favor of HISD.

III

Hyde next argues that the district court's compensatory damages award was inadequate in light of the pain and suffering that she suffered. She also argues that the district court abused its discretion when it denied her motion requesting live testimony on the issue of damages.

While reviewing a district court's damage award, we examine issues of law de novo. *Rhodes v. Guiberson Oil Tools*, 82 F.3d 615, 620 (5th Cir. 1996). Absent an error of law, a district court's compensatory damages award is an issue of fact, subject only to the clearly erroneous standard of review. *Id.* Further, we review a district court's determination of damages pursuant to a default judgment without the benefit of an evidentiary hearing for an abuse of discretion. *Leedo Cabinetry v. James Sales & Distrib.*, 157 F.3d 410, 414 (5th Cir.1998).

The district court carefully reviewed Hyde's evidence concerning damages and articulated reasons for the $50,000 award. There was no evidence of any medical or psychological care provided to Hyde. There was no evidence of lost wages. Hyde offers no additional evidence from which we could find a clear error on the part of the district court and cites no legal authority that would allow us to reverse its determination of damages. She identifies no additional testimony that would have been presented to the district court had it ordered live testimony. We are bound to the clearly erroneous standard of review, and we find no abuse of discretion. Accordingly, we affirm the district court's award of compensatory damages.

IV

For the foregoing reasons, the judgment of the district court is AFFIRMED in all respects.