Timothy PIGFORD, et al., Plaintiffs,

v.

Ann VENEMAN, Secretary, United States Department of Agriculture, Defendant.

Cecil Brewington, et al., Plaintiffs,

v.

Ann Veneman, Secretary, United States Department of Agriculture, Defendant.

No. CIV.A.97–1978(PLF), CIV.A.98–1693(PLF).

United States District Court, District of Columbia.

May 9, 2002.

Jacob A. Stein, Stein, Mitchell & Mezines, Washington, DC, Alexander John Pires, Jr., Conlon, Frantz, Phelan & Pires, Washington, DC, David A. Branch, Washington, DC, Anthony Herman, Covington & Burling, Washington, DC, Richard Talbot Seymour, Lieff, Cabraser, Heimann & Bernstein, LLP, Washington, DC, for Timothy C. Pigford, McArthur Nesbit, Eddie Slaughter, Leo Jackson, J.B. Black, Lucious Abrams, Jr., Griffin Tood, Sr., Gregory Erves, Cecil Brewington, Herbert L. Skinner, Jr., Obie L. Beal, Clifford Lovett.

Jacob A. Stein, Stein, Mitchell & Mezines, Washington, DC, Alexander John Pires, Jr., Conlon, Frantz, Phelan & Pires, Washington, DC, David A. Branch, Washington, DC, Anthony Herman, Covington & Burling, Washington, DC, John Michael Clifford, Mona Lyons, Clifford, Lyons & Garde, Washington, DC, Richard Talbot Seymour, Lieff, Cabraser, Heimann &

Bernstein, LLP, Washington, DC, for Lloyd Shafer.

Caroline Lewis Wolverton, U.S. Department of Justice, Washington, DC, Jacob A. Stein, Stein, Mitchell & Mezines, Washington, DC, Alexander John Pires, Jr., Conlon, Frantz, Phelan & Pires, Washington, DC, David A. Branch, Washington, DC, Anthony Herman, Covington & Burling, Washington, DC, Richard Talbot Seymour, Lieff, Cabraser, Heimann & Bernstein, LLP, Washington, DC, for George Hall.

Jacob A. Stein, Stein, Mitchell & Mezines, Washington, DC, David A. Branch, Washington, DC, Anthony Herman, Covington & Burling, Washington, DC, Marcus V. Jimison, NCCU School of Law, Durham, NC, Stephon J. Bowens, Durham, NC, for Leonard Cooper.

Phillip L. Fraas, Hogan & Hartson, L.L.P., Washington, DC, Alexander John Pires, Jr., Conlon, Frantz, Phelan & Pires, Washington, DC, David A. Branch, Washington, DC, Anthony Herman, Covington & Burling, Washington, DC, for Abraham Carpenter.

Stephon J. Bowens, Durham, NC, for Houston Blakeney, Reatha Blakeney, Leroy Robinson, Bobbi Newton, Pearlie Peterson, Naomi Knockett, Ilenthe Porter, James Davis.

Michael Sitcov, Terry M. Henry, Elizabeth Goitein, U.S. Dept. of Justice, Civ. Div., Washington, DC, for Ann M. Veneman.

Wyndell Oliver Banks, Washington, DC, for Banks Law Firm.

Randi Ilyse Roth, St. Paul, MN pro se.

Evans M. Folins, Los Valores, CA, pro se.

Dennis Charles Sweet, Lanston, Frazer, Sweet & Freese, Jackson, MS, for Sarah Davis.

Ford C. Ladd, Alexandria, VA, for James Tanner.

Evelyn M. Coleman, Hazlehurst, MS, pro se.

Willie S. Maymon, Rolling Fork, MS, pro se.

Colie Dixon, Sr., Georgetown, MS, pro se.

L.D. Maymon, Hazlehurst, MS, pro se.

Lois S. Clark, Wesson, MS, pro se.

Curtis Dixon, Jackson, MS, pro se.

Linda Catching, Hazlehurst, MS, pro se.

Henry A. Vaughn, Hazlehurst, MS, pro se.

Floria A. Vaughn, Hazlehurst, MS, pro se.

Marilynn Stewart, Jackson, MS, pro se.

Gerard Robert Lear, Arlington, VA, for Antonio Santos, Clinton R. Martin.

Ezra McNair, Crystal Springs, MS, pro se.

Grover Miller, Georgetown, MS, pro se.

Geraldstine Miller, Georgetown, MS, pro se.

Larry D. Barnes, Harrisville, MS, pro se.

Edith Lomax-Barnes, Crystal Springs, MS, pro se.

Daryl Brentr, Pinola, MS, pro se.

Harold B. Dixon, Hazlehurst, MS, pro se.

Larry Garrett, Georgetown, MS, pro se.

Velma J. Collins, Hazlehurst, MS, pro se.

## ORDER

FRIEDMAN, District Judge.

On May 3, 2002, the Arbitrator in this case, Michael K. Lewis, submitted his Second Report on the Late-claim Petition Pro-

cess ("Arbitrator's Second Report"). That report describes in detail the Arbitrator's ongoing review of late-claim petitions and reconsideration of previously denied late-claim petitions. Because the Court finds that the Arbitrator's Second Report contains important information on the Arbitrator's progress in deciding and reconsidering late-claim petitions, it is hereby

ORDERED that the Arbitrator's second report on the late-claim petition process [609] is APPROVED by the Court; and it is

FURTHER ORDERED that the report shall be made available to all interested parties by means of immediate posting on the District Court's website at http://www.dcd.uscourts.gov/district-court-recent .html.

SO ORDERED.

## ARBITRATOR'S SECOND REPORT ON THE LATE–CLAIM PETITION PROCESS

On November 14, 2001, the Arbitrator filed his first report on the late-claim process, detailing the review of late claim petitions filed pursuant to ¶ 5(g) of the Consent Decree. At the conclusion of that report, the Arbitrator announced that he would continue to report to the Court and to the parties on a semi-annual basis. The report below details progress on the review of late-claims in the past six months.

### Background

As explained in the first report, the Arbitrator has been delegated the responsibility to make the determination whether a putative claimant who missed the October 12, 1999 deadline may file a late claim. A putative claimant may file late if he demonstrates that extraordinary circumstances beyond his control prevented the filing of a timely claim. In the Memorandum Opinion and Order of November 26, 2001, the Court found that the Arbitrator's "late-claim petition processes are more than sufficient to ensure that Section 5(g) of the Consent Decree is properly and justly applied and to assure that fair process is afforded." *Pigford v. Veneman,* 173 F.Supp.2d 38, 40 (D.D.C.2001).

### Processes and Procedures

### Forms & Filing

Since the issuance of the first report, there have been no changes to the procedures relating to the filing of a petition to file a late claim. As described in the first report, approximately 61,000 petitions were filed by the September 15, 2000 deadline, and an additional 7500 putative claimants filed petitions after that deadline. Since the first report was filed, an additional 250 putative claimants have filed petitions; those 250 individuals have been notified that the Arbitrator cannot consider their petitions. Late claim petitions filed after September 15, 2000 have not been reviewed unless the putative claimant could demonstrate that the Facilitator or the Arbitrator misread their postmark. One or two claimants have been able to meet that hurdle.

### Categorization & Research

Since the issuance of the first report, there have been no changes in the categorization and research methods described in that report. The Arbitrator continues to use the same criteria in the investigative process. Currently, a staff of thirty-eight interviewers investigate late claim petitions where further research is necessary to make an informed decision. At any given time, the interviewers are investigating over four thousand petitions.

As of the filing of the first report, approximately 34,100 late claim petitions had been reviewed and decided, leaving 26,900 to be reviewed. Of the number decided,

33,000 petitions were denied and 1100 approved. As of the filing of this report, approximately 48,400 petitions have been reviewed and decided, leaving 12,300 petitions to be decided. Of the petitions decided to date, 47,500 have been denied and 1300 approved. There remain 12,200 petitions to be decided. The Arbitrator expects to make an initial decision on every petition within the next six months, except for those claims (currently, approximately 2,500) in which (1) the Arbitrator has concluded that additional information is necessary in order to make a decision, and (2) researchers have been unable to reach the putative claimant by telephone. The Arbitrator has learned through experience that many members (and would-be members) of the (class do not communicate well via the written word).

*Renotification*

After the submission of the first report, the Arbitrator learned that the Facilitator had not included a Claim Sheet and Election Form with the letter notifying those approved petitioners of their decision. Upon consultation with counsel for the parties, those petitioners were resent the notification of decision and were supplied the forms needed to submit a completed claim. That letter also included information on obtaining Class and Of Counsel's assistance in submitting a completed claim; such information is now included in every approval letter.

*Reconsideration*

As described in the first report, putative claimants whose late claim petitions are denied may make a written request for reconsideration. The reconsideration process remains as described in the first report with one non-substantive difference.

Requests for reconsideration are now routed through the Facilitator. Putative claimants have a 60–day window in which to submit a request for reconsideration.

Approximately 17,000 requests for reconsideration have been filed, 15,500 of which were sent within the 60–day window. As the numbers indicate, slightly over one-third of all denied petitioners have requested reconsideration. The Facilitator makes a record of the request for reconsideration, noting whether such request was filed within the 60–day deadline. Under the current plan, the Facilitator will begin forwarding all requests for reconsideration to the Arbitrator shortly. The Facilitator will continue to forward reconsideration requests as they are filed until all reconsideration requests have been decided.

As a part of the request for reconsideration, putative claimants must present information not previously provided to the Arbitrator. The requests for reconsideration will be distributed to a team of researchers for investigation. They will review the underlying petition, the information from any earlier interviews, any previously submitted documentation, the information submitted in the request for reconsideration, and may contact the putative claimant for further clarification. Upon completing his or her investigation, each researcher will be responsible for drafting an individually tailored response for the Arbitrator's approval. If a petition remains denied upon reconsideration, that decision will be final.

The forthcoming reconsideration review will begin staffed by 12 researchers, all of whom have had experience described in the "Categorization & Research" section above. As the Arbitrator finishes reviewing 5(g) petitions in the first instance, the remainder of the researchers will be transferred to the reconsideration process. Because the reconsideration process is dependant upon first instance decisions, it is difficult to estimate a completion date.

Of the requests for reconsideration, which were sent directly to the Arbitrator, decisions have been made in 376 with 61 petitions approved in the reconsideration process.

*Results to Date*

Presented in tabular form, the status of the late claim process follows below.

| | |
|---|---|
| Approximate number of Petitions to File Late Claims: | 68,750 |
| Approximate number filed before Sept. 15, 2000 | 61,000 |
| Approximate number of petitions approved: | 1,300 |
| Approximate number of petitions denied: | 47,500 |
| Approximate number of Requests for Reconsideration: | 17,000 |
| Approximate number filed within 60 days: | 15,500 |
| Number of requests decided: | 376 |
| Number resulting in approval of petition: | 61 |

*Conclusion*

This Court has affirmed that decisions on late claims have been made efficiently and expeditiously by the Arbitrator. All of the parties associated with implementing the Consent Decree remain fully cognizant of the impact of the late-claim petition process upon the other portions of the Consent Decree. As stated above, it is the Arbitrator's intention to make an initial decision on every petition within the next six months. The Arbitrator is unable to presently estimate resolution time for the current and forthcoming requests for reconsideration. Finally, given the importance of the late claim process to the implementation of the Consent Decree, the Arbitrator reports periodically to the parties on the status of late claim petition review at the Monitor's Roundtable meetings, and intends to continue these semi-annual reports to the Court.