Timothy PIGFORD, et al., Plaintiffs,

v.

Ann M. VENEMAN, Secretary, United States Department of Agriculture, Defendant.

Cecil BREWINGTON, et al., Plaintiffs,

v.

Ann M. VENEMAN, Secretary, United States Department of Agriculture, Defendant.

No. CIV.A. 97–1978(PLF), CIV.A. 98–1693(PLF).

United States District Court, District of Columbia.

June 4, 2003.

Jacob A. Stein, Stein, Mitchell & Mezines, Washington, DC, Alexander John Pires, Jr., Conlon, Frantz, Phelan & Pires, Washington, DC, David A. Branch, Washington, DC, Anthony Herman, Covington & Burling, Washington, DC, Ricahrd Talbot Seymour, Lieff, Cabraser, Heimann & Bernstein, LLP, Washington, DC, J.L. Chestnut, Jr., Chestnut, Sanders, Sanders, Pettaway, Campbell & Albright, Selma, AL, for Plaintiffs.

Terry M. Henry, Susan Hall Lennon, U.S. Dept. of Justice, Civil Div., Washington, DC, Daniel Edward Bensing, U.S. Dept. of Justice Federal Programs Branch, Washington, DC, Amanda Quster, Federal Trade Commission, Washington, DC, David Monro Souders, Weiner Brodsky Sidman & Kider, Washington, DC, Michael Sitcov, United States Department of Justice Civil Division, Federal, Washington, DC, for Defendant.

*MEMORANDUM OPINION
AND ORDER*

FRIEDMAN, District Judge.

The Court has before it a motion by class counsel J.L. Chestnut on behalf of certain plaintiffs to reopen all late claims due to mail delays, as well as the government's opposition.[1] Upon consideration of the parties' arguments, the Court denies the motion to reopen.

Under the terms of the Consent Decree that resolved this case, farmers seeking relief under the settlement were required to file claim forms by October 12, 1999. *See* Consent Decree, April 15, 1999 at ¶ 5(c). After this deadline passed, thousands of putative claimants petitioned for leave to late file under Paragraph 5(g) of the Consent Decree, which allows late claims only where the failure to timely file was caused by "extraordinary circumstances beyond [the claimant's] control." *See* Consent Decree at ¶ 5(g). The Court subsequently delegated the authority to decide these petitions to the Arbitrator in this case, Michael Lewis. *See* Order of December 20, 1999. As of June 2, 2003, Mr. Lewis continues to work toward completion of that process. *See* Arbitrator's Fourth Report on the Late–Claim Petition Process at 3 ("Fourth Arb. Report").

Plaintiffs now assert that a substantial number of claims may have been timely filed but never delivered to the Facilitator due to loss or delay by the United States Postal Service ("U.S.P.S."). *See* Motion to Reopen All Late Claims Due to Mail Delays at 2–3 ("Pl.Motion"). Plaintiffs base this assertion on the fact that in January 2003, a U.S. Post Office in Wilcox County, Alabama discovered approximately 36 claim forms that had been postmarked October 12, 1999 but not delivered. *See id.*

at 2. These claims subsequently were delivered to the Facilitator and processed as timely filed, but plaintiffs suggest that other timely claims may have been similarly lost or delayed by the Postal Service. *See id.* To ensure that other claimants are not denied relief because their timely claims were lost or delayed by the Postal Service, plaintiffs urge the Court to (1) reopen all cases where claimants have sought leave to late file by asserting that they timely filed their claims through the U.S. mail; (2) establish standards for Michael Lewis to employ to determine when late claims should be allowed based on the negligence or willful misconduct of the U.S.P.S. or its agents; and (3) order the initiation of a "serious government investigation" into potential misconduct by the U.S.P.S. in delaying or destroying farmer claims for relief. *See id.* at 3.

The Arbitrator has established standard procedures for deciding all petitions to late file, including those where the claimant alleges that he or she timely filed a claim through the U.S. mail. *See* Fourth Arb. Report at 3. As it has made clear by previous Orders, the Court has delegated final authority to the Arbitrator to consider late-claim petitions and to reconsider denials of these petitions; it has retained no authority to review the Arbitrator's rulings on petitions to late file. *See Pigford v. Veneman,* 201 F.Supp.2d 139, 141 (D.D.C.2002) (Order of May 10, 2002); *Pigford v. Veneman,* 173 F.Supp.2d 38, 40 (D.D.C.2001) (Order of Nov. 26, 2001). Nor has it retained authority to control or review the procedures that the Arbitrator employs to reach his decisions. *See id.*

Even if the Court had retained the authority to reopen cases already reviewed by the Arbitrator or to establish standards

---

**1.** Although plaintiffs also filed a reply to the government's opposition, the Court struck the reply on defendant's motion. *See* Memorandum Opinion and Order of April 14, 2003.

for him to apply, however, it is evident that these forms of relief are not necessary. As the Court has observed previously, Mr. Lewis has established thorough and well-reasoned procedures that are "more than sufficient to ensure that Section 5(g) of the Consent Decree is properly and justly applied and to assure that fair process is afforded." *See Pigford v. Veneman*, 173 F.Supp.2d at 40. Moreover, with respect to those petitions where a claimant alleges timely filing by U.S. mail, Mr. Lewis reports that even before the discovery of undelivered claim forms in a U.S. Post Office, he had developed a particularized system of review for such cases. *See* Fourth Arb. Report at 3. Under this system, "researchers have been assigned to investigate those allegations [of timely filing and failed delivery] in order to uncover the circumstances of the alleged timely filing and to seek corroborating evidence." *See id.* at 4. Such corroborating evidence may be in the form of retained copies of the claim form; U.S.P.S. return receipts; affidavits by attorneys who allegedly completed the timely claim form; or corroborating statements of other witnesses. *See id.* In addition to these careful methods of initial investigation and consideration, Mr. Lewis has instituted a policy of reconsideration, under which a claimant may seek reconsideration directly from Mr. Lewis within 60 days of denial if the claimant believes that his or her petition was denied wrongfully. *See* Fourth Arb. Report at 5; *see also Pigford v. Veneman*, 173 F.Supp.2d at 40. In light of these procedures, the Court sees no reason to direct Mr. Lewis to reopen all late claims alleging mail delivery failures or to provide standards for the decision of such claims. *See Pigford v. Veneman*, 201 F.Supp.2d at 141 ("The Court will not consider any such petition, either at the first instance or following denial and/or reconsideration by the Arbitrator.").

Finally, the Court will not order a government investigation into possible misconduct by the United States Postal Service in connection with this case. Even if the Court had the authority to do so—which is far from obvious—the Court doubts that ordering an investigation would be a wise exercise of its power. If plaintiffs wish to pursue allegations of misconduct by the U.S.P.S., plaintiffs would do best to proceed by other means.

For these reasons, it is hereby

ORDERED that the Motion to Reopen All Late Claims Due to Mail Delays [753] is DENIED.

SO ORDERED.