Raul G. GARCIA, Appellant,

v.

Virginia B. GARCIA, Appellee.

No. 1761.

Court of Civil Appeals of Texas,
Corpus Christi.

May 28, 1981.

Rehearing Denied June 25, 1981.

Eustorgio Perez, Flores & Perez, Laredo, for appellant.

Jack Kenneth Dahlberg, Jr., Dahlberg & Moss, Corpus Christi, for appellee.

## OPINION

NYE, Chief Justice.

This is an appeal by writ of error from a divorce decree which granted the parties a divorce and divided their community estate. This writ of error is brought by Raul Garcia, Sr., who was the respondent in his wife's suit for divorce. Mr. Garcia had filed an original answer; however, he did not participate in the trial of the case either personally or through his attorney.

The judgment entered by the trial court grants the divorce and divides the estate of the parties. It recites that although Mr. Garcia was duly cited, he failed to appear and made default. The judgment recites that after a presentation of the testimony, evidence and argument of counsel, and after an examination of the record, the court "to achieve a just division of the estate of the parties," ordered the following property division:

"That Respondent shall take as his separate property all of the personal property which he currently has in his possession.

That Petitioner shall take as her separate property all of the personal property that she shall have in her possession.

That Petitioner shall take as her separate property all of their interest in the real property (surface and mineral) more fully described in the attached deed to the exclusion of the Respondent;

That Petitioner shall have as her separate property all of their interest in the per-

sonal property located on said real property, including but not limited to, all livestock, farm equipment, trucks and crops to the exclusion of the Respondent;

That where there is any indebtedness charged against any of the foregoing property, the liability for such indebtedness be assumed by the party to which it is awarded."

At the time of the trial, Mr. Garcia was incarcerated at the Texas Department of Corrections. His attorney did not appear on his behalf at the hearing because, according to him, he had inadvertently noted a trial date of November 5, 1979, instead of the actual date of trial, November 1, 1979. Mrs. Garcia appeared personally and by her attorney at the trial. On November 2, Mr. Garcia's attorney learned of the hearing and filed a motion for new trial. A hearing was had on the motion for new trial, but no ruling was made. The motion was overruled by operation of law on January 2, 1980. This petition for writ of error was filed on May 19, 1980.

■ A party is entitled to sue out a writ of error as an alternative method of invoking the appellate jurisdiction of the Court of Civil Appeals if (1) the petition for writ of error is filed within six months after the final judgment is rendered (Tex.Rev.Civ. Stat.Ann. Art. 2255 [1971]); (2) if such party did not participate in the actual trial of the case in the trial court (Tex.Rev.Civ.Stat. Ann. Art. 2249a [1971]); and (3) if the invalidity of the judgment appears on the face of the record (*McEwen v. Harrison*, 162 Tex. 125, 345 S.W.2d 706 [1961]). See also: *Smith v. Smith*, 544 S.W. 121 (Tex.Sup. 1976); *Rogers v. Rogers*, 561 S.W.2d 172 (Tex.Sup.1978); *Winston Mortgage Company v. Bevly*, 583 S.W.2d 838 (Tex.Civ.App.—Houston [14th Dist.] 1979, writ ref'd n. r. e.); *White v. Douglas*, 569 S.W.2d 635 (Tex. Civ.App.—Texarkana 1978, writ ref'd n. r. e.).

■ Mr. Garcia contends in his petition for writ of error that, since neither he nor his attorney voluntarily elected to be absent from the trial, this cause should be removed to the Court of Civil Appeals for reversal and revision. As a second ground for writ

of error, appellant contends that his petition should be granted because the record shows that there was a disproportionate and inequitable division of the estate of the parties which amounted to an abuse of discretion. Mr. Garcia also contends that the trial court erred in refusing to grant his motion for new trial.

The record shows that Mr. Garcia has met the first two requirements for appeal by writ of error. However, the third requirement, a showing of the invalidity of the judgment from the face of the record is not present.

■ A writ of error is an appropriate remedy by which to procure the possible reversal of a judgment for an error of law that is apparent on the face of the record. An error in fact not exhibited by the record cannot be corrected by the appellate court. Only when the facts are properly presented in a case brought up by the writ are they subject to the cognizance and revision of the court in the same manner and to the same extent as in the case of an appeal.

In the present case, the record consists of plaintiff's original petition; defendant's general denial; the judgment of the trial court; motion for new trial; and the statement of facts. The statement of facts sets forth the testimony of Mrs. Garcia as to how long the parties had been married, their children, and what property, to her knowledge, they accumulated during their marriage of approximately 32 years. She testified that the marriage had become insupportable, that there was no hope of reconciliation, and that there were no children under the age of eighteen years. She testified that the only property she knew that they owned was a one-half undivided interest in a farm consisting of approximately 214 acres. The other one-half undivided interest was owned by Mr. Garcia's brother. There was also testimony as to the equipment, livestock and crops on the farm, also owned as a one-half undivided interest by the parties. She placed a value on the farm at $1,000.00 per acre. There were three producing oil wells on the land; however, the two checks from these wells were going directly to the mortgage company. She

testified that in 1974, one year before the parties were separated, $18,000.00 was used by her husband out of their joint savings account to pay Mr. Garcia's attorney's fees for the defense of a suit involving crimes against the State of Texas. The record also shows that Mr. Garcia did not file an inventory of the community and/or separate property that was in his possession as was ordered by the court.

Appellant Garcia's main point of error is the disproportionate and inequitable division of the estate of the parties. It would have been a simple matter for Mr. Garcia to have filed, before the trial or as a part of his motion for new trial, an inventory under oath of the community estate of the parties and of his separate estate. Had he done this, it might have enabled us to determine whether there was such a disproportionate award of the property to have amounted to error. *Boriack v. Boriack*, 541 S.W.2d 237 (Tex.Civ.App.—Corpus Christi 1976, writ dism'd). However, since there is nothing in the record that is before us to show error or abuse, we must hold that the judgment is not invalid on the face of the record.

The judgment of the trial court is affirmed.

BISSETT, J., not participating.