Darcy BANNIGAN, Appellant,

v.

MARKET STREET DEVELOPERS,
LTD., Appellee.

No. 05–88–00558–CV.

Court of Appeals of Texas,
Dallas.

March 3, 1989.

Arch M. Skelton, Dallas, for appellant.

Robert D. Whaley, Wayne D. Lacy, Dallas, for appellee.

Before McCLUNG, BAKER and
KINKEADE, JJ.

BAKER, Justice.

Darcy Bannigan challenges the validity of a default judgment rendered against her in favor of Market Street Developers, Ltd. She asserts three points of error, the first of which contends that the trial court did not have personal jurisdiction over her because Market Street failed to strictly comply with the requirements of the Texas Civil Practice and Remedies Code for service upon nonresident defendants. We agree that Market Street did not strictly comply with the statute and reverse and remand this cause for a new trial.

In June 1987, Market Street sued Bannigan on a lease she executed for space in the West End District in Dallas, Texas. The original petition alleged that Bannigan was a natural person residing in Springfield, Missouri, and alleged that "[she] may be served with citation by serving duplicate copies of process on the Secretary of State, who in turn may forward a copy of such service to Darcy Bannigan, All Creatures, Box 3595, Springfield, Missouri 65808." Attached to the original petition was a copy of the lease agreement which provided as follows:

H. MERCHANT NOTICE ADDRESS:
BOX 3595
SPRINGFIELD, MO 65808

Two copies of the petition and citation were served upon the Secretary of State. The citation served by the sheriff of Travis County, Texas, reflects that it was addressed to Darcy Bannigan, Individually and d/b/a All Creatures, Box 3595, Springfield, Missouri 65808. On July 14, 1987, the Secretary of State forwarded by certified mail, return receipt requested, a copy of the citation and petition to Bannigan at the address given in Springfield, Missouri. The record reflects that the citation was returned to the Secretary of State's office on August 17, 1987, bearing the notation "Unclaimed." On January 27, 1988, a default judgment was granted Market Street Developers, Ltd. against Bannigan.

Section 17.045 of the Texas Civil Practice and Remedies Code provides, in pertinent part:

(a) If the Secretary of State is served with duplicate copies of process for a nonresident, he shall require a statement of the name and address of the nonresident's home or home office and shall immediately mail a copy of the process to the nonresident.

TEX.CIV.PRAC. & REM.CODE ANN. § 17.045(a) (Vernon 1986).

In her first point of error, Bannigan argues that there is nothing in the record to show that the Secretary of State was furnished and that he mailed citation and process to her at her *home* or *home office* address. Bannigan relies on this Court's opinion in *Verges v. Lomas & Nettleton Fin. Corp.*, 642 S.W.2d 820 (Tex.App.—Dallas 1982, no writ). Market Street argues that *Verges* is distinguishable and that the record in this cause shows that Bannigan's home or home office address was provided to the Secretary of State by way of its original petition and the lease attached as an exhibit.

■ In order to sustain a default judgment which is under direct attack, it is essential that there be strict compliance with the rules relating to the issuance of citation, the manner and mode of service, and the return of process. *See McKanna v. Edgar*, 388 S.W.2d 927, 929 (Tex.1965). There are no presumptions in favor of valid issuance, service, and return of citation in the face of a direct attack on a default judgment. *See Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex.1985); *McKanna*, 388 S.W.2d at 929. The failure to affirmatively show strict compliance with the provided mode of service renders the attempted service of process invalid and of no effect. *See Uvalde*, 690 S.W.2d at 885. It is the plaintiff's burden to affirmatively show strict compliance. *See McKanna*, 388 S.W.2d at 930.

■ In order to support a default judgment when service under the long-arm statute is used, the plaintiff's pleadings must allege facts which, if true, would make the defendant amenable to process by the use of the long-arm statute; and second, there must be proof in the record that the defendant was, in fact, served in the manner required by the statute. *See Whitney v. L & L Realty Corp.*, 500 S.W.2d 94, 95–96 (Tex.1973). Market Street's allegations satisfy the first requirement, and the issue is whether there is proof in the record that Bannigan was, in fact, served in the manner required by the statute.

■ The statute directs the Secretary of State to require a statement of the name and address of the *home* or *home office* of the nonresident defendant and then to forward a copy of the process to the defendant by registered mail, return receipt requested. The record shows that the Secretary of State was furnished with the original petition showing the name of Bannigan with a post office box, city, state, and zip code stated thereafter. In one place in their brief, Market Street argues that it was alleged that the post office box in Springfield, Missouri, was Bannigan's place of residence, and the address was identified as "Merchants Notice Address" in the lease which was attached to its petition. Market Street contends, in another place in its brief, that since Bannigan is referred to as "Merchant" in the lease and she furnished the box address as her "Merchant Notice Address," that this provided Market Street with her home office address for the purposes of notice and service of citation. Market Street concludes that they have

met their burden and that the record shows that Bannigan's actual *home office address* was provided to the Secretary of State by way of its petition and the lease attached thereto. Finally, they argue that the record contains the certificate of last known address filed by Market Street showing the same box in Springfield, Missouri, as Bannigan's mailing address. Market Street argues that the opinion in *Verges* is distinguishable because there was nothing in the record to compel the inference that Verges's "last known address" was either his "home address" or "home office address." Market Street concludes that they have affirmatively met their burden and have shown strict compliance with the service statute. We disagree.

There is nothing in the record to compel the inference that "Merchant's Notice Address" was either Bannigan's "home address" or "home office address," and we hold that the record fails to affirmatively demonstrate that Market Street strictly complied with the procedure prescribed by section 17.045(a) of the Texas Civil Practice and Remedies Code. The trial court did not acquire personal jurisdiction over Bannigan. *See Verges,* 642 S.W.2d at 822. We sustain her first point of error.

Because we sustain the first point of error, it is not necessary to consider her remaining points of error. We reverse and remand the cause for a new trial.