**Bruce A. MAHON, Individually and as a Partner in West Atlantic City Associates, Appellant,**

v.

**CALDWELL, HADDAD, SKAGGS, INC., Appellees.**

No. 2–88–260–CV.

Court of Appeals of Texas, Fort Worth.

Jan. 10, 1990.

Rehearing Denied Feb. 21, 1990.

Hill, Heard, Oneal, Gilstrap & Goetz and Michal A. Rossetti, Arlington, for appellant.

Markey & Ash, P.C. and Robert F. Jones, Jr., Fort Worth, for appellees.

Before SPURLOCK, KELTNER and MEYERS, JJ.

## OPINION

JOE SPURLOCK, II, Justice.

This default judgment case is before us on a petition for writ of error perfected in accordance with TEX.CIV.PRAC. & REM. CODE ANN. sec. 51.012 (Vernon 1986) and TEX.R.APP.P. 40, 45. Appellant raises three points of error. We affirm the default judgment but order a remittitur as to the damages.

On April 2, 1987, Caldwell, Haddad, Skaggs, Inc. (hereinafter "CHS"), a Texas Corporation, sued Bruce Mahon individually and as a partner in West Atlantic City Associates (a New Jersey partnership hereinafter referred to as "West Atlantic") for damages of $60,510.34, for architectural work performed by CHS for West Atlantic.

CHS served Mahon with notice of the suit by serving the Secretary of State of Texas pursuant to TEX.CIV.PRAC. & REM.CODE ANN. sec. 17.044 (Vernon 1986). In order to obtain valid service, CHS alleged the following:

> Defendant, BRUCE A. MAHON, is an individual residing in Burlington County, New Jersey, and may be served with citation *at his place of business*, West Atlantic City Associates, Routes 130 and 206, Bordentown, New Jersey, 08505.
>
> . . . .
>
> ... Defendants may be cited by serving the Secretary of State of Texas provided that the citation and petition are forwarded to *Defendant's business address*, Routes 130 and 206, Bordentown, New Jersey, 08505, by registered or certified mail, return receipt requested pursuant to V.T.C.A. Civil Practice and Remedies Code, Section 17.044, Substituted Service on Secretary of State. [Emphasis added.]

On April 2, 1987, a citation was issued to Bruce Mahon, individually.[1] The officer's return shows delivery of citation to the Secretary of State on April 7, 1987. The office of the Secretary of State certified that the citation and petition were forwarded on April 7, 1987 by certified mail, return receipt requested to:

MAHON, BRUCE A.
WEST ATLANTIC CITY ASSOCIATES
ROUTES 130 AND 206
BORDENTOWN, NJ 08505

---

1. No other citation was ever issued.

The Secretary of State certificate also stated the following:

The RETURN RECEIPT was received in this office dated April 13, 1987, bearing the SIGNATURE OF *ADDRESSEE'S AGENT*. [Emphasis added.]

Mahon never filed an answer nor made any other appearance. On June 9, 1988, the trial court entered a judgment against him in the amount of $68,656.57, interest on the judgment of $19,363.48, and attorney's fees of $1,200.00.

Appellant's first point of error urges that the trial court erred in entering the default judgment because appellee failed to strictly comply with the requirements set forth in TEX.CIV.PRAC. & REM.CODE ANN. sec. 17.045 (Vernon 1986).

■ Section 17.045 of the Texas Civil Practice and Remedies Code states in part: (a) If the secretary of state is served with duplicate copies of process for a nonresident, he shall require a statement of the name and address of the nonresident's *home or home office* and shall immediately mail a copy of the process to the nonresident. (Emphasis added.) Texas courts have consistently held that this statute must be followed with strict compliance. *See Verges v. Lomas & Nettleton Financial Corp.*, 642 S.W.2d 820, 821 (Tex.App. —Dallas 1982, no writ). Inherent within this standard of strict compliance is the requirement that the statute be strictly construed. *Id.* at 822.

Appellant argues that CHS failed to strictly comply with the method of service provided under section 17.045 because they alleged in their petition that Mahon could be served "at his place of business" instead of at his "home or home office."

■ We note that the long-arm statute provides no definition of "home" or "home office." *See* TEX.CIV.PRAC. & REM. CODE ANN. sec. 17.044 et seq. (Vernon 1986). To support a default judgment when substituted service under the long-arm statute is used, a plaintiff must comply with these requirements: (1) the pleadings must allege facts which, if true, would make the defendant amenable to process by the use of the long-arm statute; and, (2) there must be proof in the record that the defendant was, in fact, served in the manner required by the statute. *See Whitney v. L & L Realty Corp.*, 500 S.W.2d 94, 95–96 (Tex.1973); *Verges v. Lomas & Nettleton Financial Corp.*, 642 S.W.2d at 821. There is no complaint in the present case concerning the first prong of this test.

As to the second prong of the test requiring that the record reflect the defendant was served in the manner required by the statute, appellee contends compliance does not require the use of magic words, such as "home" or "home office." Instead, as an analogy appellee argues, that the record may be screened to factually determine that the address provided to the Secretary of State was in fact the home or home office of the nonresident defendant (not withstanding it was not so labeled). *See Capitol Brick, Inc. v. Fleming Mfg. Co.*, 722 S.W.2d 399, 401 (Tex.1986). We agree.

Plaintiff's (appellee's) exhibit number one, admitted into evidence by the trial court, was a contract between Bruce A. Mahon and West Atlantic City Associates and CHS Incorporated. There was testimony that appellant Mahon did business as West Atlantic at the address listed in the contract, and as such recruited appellee for employment. The address listed in the contract for Bruce Mahon and West Atlantic City Associates (the business address) is the address given by appellee for service in Plaintiff's Original Petition. There is no other address listed in the contract or on any other documents. The invoices for billings, the basis for proving damages in the lawsuit, listed the same address for billing purposes.

■ We hold that where only one address is given in a contract as the business address it is the "home office" of the party using such address. A home business address by any other name is still a "home address" or "home office." The cases appellant cites regarding a defendant's "last known address" as not being the same as "home or home office" are not on point. Appellant's first point of error is overruled.

In his second point of error, appellant alleges that the trial court erred in entering a default judgment against appellant because appellee failed to prove that appellant was, in fact, served in the manner required by the statute.

The Certificate of Service from the Texas Secretary of State, filed in the record, states that the return receipt bore the signature of "ADDRESSEE'S AGENT." The return receipt itself is not in the record. In order to support a default judgment, a plaintiff must prove that the defendant was, in fact, served in the manner required by statute. *Whitney v. L & L Realty Corp.*, 500 S.W.2d at 94; *Verges v. Lomas & Nettleton Financial Corp.*, 642 S.W.2d at 821. Appellant contends the record fails to show that he was ever served.

The supreme court, in *Whitney v. L & L Realty Corp.*, discussed whether the Texas long-arm statute requires "a showing in the record that [the Secretary of State] forwarded the service to the defendant." *Whitney v. L & L Realty Corp.*, 500 S.W.2d at 95. The court determined that the portion of the long-arm statute requiring the Secretary to forward citation by certified mail to the defendant was ambiguous. *Id.* at 96. More recently, in 1986, the court held that "[a]bsent fraud or mistake, the Secretary of State's certificate is conclusive evidence that the Secretary of State, as agent of [the defendant], received service of process for [the defendant] and forwarded the service as required by the statute." *Capitol Brick, Inc. v. Fleming Mfg. Co.*, 722 S.W.2d at 401.

Appellee argues that the fact to be proved under the statute is that the Secretary of State received the citation, and as agent for the defendant, forwarded it to him by certified mail, return receipt requested. The fact that some person other than the defendant has signed for the mailing is immaterial. *See BLS Limousine Service v. Buslease*, 680 S.W.2d 543 (Tex. App.—Dallas 1984, writ ref'd n.r.e.). In *BLS Limousine Service v. Buslease*, the court held that the defendants were served in accordance with the long-arm statute even though the citations were returned to the Secretary bearing the notation "re-

fused." The fact that the certificate from the Secretary of State evidenced that process was forwarded by certified mail was sufficient to grant jurisdiction over the defendant. *Id.* at 546.

■ We hold appellant was served in the manner required by the long-arm statute even though his agent may have signed the return receipt instead of him. It was sufficient that the certificate from the Secretary of State evidenced that the Secretary forwarded process by certified mail, return receipt requested to appellant. Appellant's second point of error is overruled.

Appellant argues in point of error number three, that the trial court erred in rendering judgment in the sum of $68,656.57 and in awarding prejudgment interest on that sum because the pleadings do not support this recovery. Plaintiff's Original Petition prayed for judgment only in the sum of $60,510.34, plus pre and post judgment interest. Nevertheless, the default judgment entered against Mahon was in the principal sum of $68,656.57 plus interest in the amount of $19,363.48.

In its brief, appellee admits that the court entered judgment in an amount greater than that prayed for in the Original Petition. Appellee also states that it is ready to file a remittitur with the court in the sum of $8,146.23, should the court so order.

■ We note that it is impermissible in a default judgment to render judgment for damages in excess of the amount plead for in the petition. *Capitol Brick, Inc. v. Fleming Mfg. Co.*, 722 S.W.2d at 401. Since the court awarded damages in an amount in excess of that requested by appellee, this court suggests appellee file a remittitur in the amount of $8,146.23 together with a proportional reduction in prejudgment interest of $2,297.52. If remittitur is not filed within fifteen days of this opinion, we shall reverse and remand this cause for new trial as to damages, otherwise we shall affirm.