**Howard B. BOREHAM, Appellant,**

v.

**Jay HARTSELL, Appellee.**

**No. 05–91–00813–CV.**

Court of Appeals of Texas, Dallas.

March 3, 1992.

Greg Standerfer, Dallas, for appellant.

Michael G. Foster, Dallas, for appellee.

Before BAKER, THOMAS and BURNETT, JJ.

## OPINION

BAKER, Justice.

Howard B. Boreham claims a default judgment the trial court rendered against him for Jay Hartsell is void. He contends the trial court did not have personal jurisdiction over him. He alleges seven points of error. The first point contends Hartsell did not strictly comply with the requirements of the Texas Civil Practice and Remedies Code [1] for service upon nonresident defendants. We agree. We reverse and remand this cause for a new trial.

## PROCEDURAL HISTORY

Hartsell sued Boreham on a promissory note. Hartsell alleged Boreham was an individual resident of California who had done business in Texas. Hartsell pleaded the Secretary of State of Texas was an agent for service of process on Boreham. He alleged Boreham was a nonresident engaging in business in Texas without a place of business or agent for service of process. Hartsell's petition alleged process could be served on Boreham at 1800 West Cliff Drive, No. 17, Newport Beach, California 92660, via certified mail, return receipt requested.

---

1. *See* Tex.Civ.Prac. & Rem.Code Ann. §§ 17.041–.045 (Vernon 1986 & Supp.1992). Unless otherwise stated, all statutory references refer to these sections of the Texas Civil Practice and Remedies Code.

The district clerk issued the citations. A sheriff's return shows service on the Secretary of State of Texas. The Secretary of State certified he mailed a copy of process to Boreham at the California address. He certified he received a return receipt signed by Boreham's agent. Boreham did not timely answer. The trial court entered a default judgment for Hartsell. Boreham moved to quash citation and to set aside the default judgment.

## STANDARD OF REVIEW

■ To support a default judgment when a plaintiff serves a nonresident under the long-arm statute, the plaintiff must allege facts that, if true, would make the defendant amenable to process under the long-arm statute. There must be proof in the record of service of process on the defendant in the manner required by the statute. *See Whitney v. L & L Realty Corp.*, 500 S.W.2d 94, 95–96 (Tex.1973); *Bannigan v. Market Street Developers, Ltd.*, 766 S.W.2d 591, 592 (Tex.App.—Dallas 1989, no writ); *Verges v. Lomas & Nettleton Fin. Corp.*, 642 S.W.2d 820, 821 (Tex.App.—Dallas 1982, no writ).

■ A plaintiff must strictly comply with the requirements of the statute authorizing substituted service. *Verges*, 642 S.W.2d at 821. We must strictly construe the statute. *Verges*, 642 S.W.2d at 822. The plaintiff has the burden of affirmatively showing strict compliance with the statute. *See McKanna v. Edgar*, 388 S.W.2d 927, 930 (Tex.1965); *Bannigan*, 766 S.W.2d at 592.

■ The plaintiff's failure to affirmatively show strict compliance with the provided mode of service makes the attempted service of process invalid and without effect. *See Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex.1985); *Bannigan*, 766 S.W.2d at 592. There are no presumptions favoring valid issuance, service, and return of citation in the face of a direct attack on a default judgment. *Uvalde*, 690 S.W.2d at 885; *McKanna*, 388 S.W.2d at 929. The same rule applies to inferences of jurisdictional facts in a direct attack. *McKanna*, 388 S.W.2d at 929; *Verges*, 642 S.W.2d at 822.

## APPLICATION OF LAW TO THE FACTS

Hartsell's petition alleged the address for service on Boreham as follows:

Pursuant to section 17.045 of the Civil Practice and Remedies Code, following service of duplicate copies of process on the Secretary of State, he shall immediately mail a copy thereof to Boreham, 1800 West Cliff Drive, No. 17, Newport Beach, California 92660, via certified mail, return receipt requested.

Section 17.045(a) of the Code provides if a plaintiff serves the Secretary of State with duplicate copies of process for a nonresident, he shall require a statement of the name and address of the nonresident's *home* or *home office* and shall immediately mail a copy of the process to the nonresident.

Boreham contends nothing in the record shows Hartsell furnished the Secretary of State his *home* or *home office* address. Boreham also contends the record does not show the Secretary of State mailed the citation and process to him at his *home* or *home office* address. Hartsell argues using a number like "No. 17" in the address alleged in his petition is a common method of designating an apartment. He argues we may infer the address is an apartment address and is Boreham's home address.

Hartsell further argues it was not necessary for him to use the words *home* or *home office* in the description of the service address for Boreham. Hartsell relies on *Mahon v. Caldwell, Haddad, Skaggs, Inc.*, 783 S.W.2d 769 (Tex.App.—Fort Worth 1990, no writ) to support this contention. At oral argument, appellant cited three additional cases to support his argument. These are *DSC Finance Corp. v. Moffitt*, 815 S.W.2d 551 (Tex.1991) (per curiam); *Compugraphic Corp. v. Morgan*, 656 S.W.2d 530 (Tex.App.—Dallas 1983), *rev'd on other grounds*, 675 S.W.2d 729 (Tex.1984); and *Garcia v. Garcia*, 618 S.W.2d 117 (Tex.Civ.App.—Corpus Christi 1981, writ dism'd). We have examined

each of these authorities. We find them either distinguishable or unpersuasive.

*DSC Finance Corp.*, was a writ of error to this Court. The trial judge entered a post answer default judgment against Moffitt. This Court held a reviewing court could consider all the papers on file in the appeal, including the statement of facts from the default judgment hearing. *See Moffitt v. DSC Fin. Corp.*, 797 S.W.2d 661, 663 (Tex.App.—Dallas 1990), *writ denied per curiam*, 815 S.W.2d 551 (Tex.1991). Neither this Court nor the Texas Supreme Court discussed the issue before us in this appeal.

*Compugraphic Corp.* is another writ of error case. The issue in that case was whether the plaintiff presented enough evidence at the default hearing to support the trial court's judgment against the defendant. Again, we held the reviewing court must test the judgment's validity by referring to all papers filed in the case, including the statement of facts from the default judgment hearing. *Compugraphic*, 656 S.W.2d at 532. The court did not discuss the issue before us in this appeal.

*Garcia* is another writ of error case. Again, the issue was whether the error appeared on the face of the record as required in a writ of error proceeding. *See Garcia*, 618 S.W.2d at 118–19. The Corpus Christi court reviewed the record before it including the statement of facts from the default judgment hearing. The *Garcia* court did not discuss the issue before us in this appeal.

*Mahon* also is a writ of error case. In *Mahon*, the issue was whether the plaintiff properly complied with section 17.045(a). The plaintiffs alleged Mahon could be served "at his place of business" instead of at his "home or home office." Relying solely on *Capitol Brick, Inc. v. Fleming Manufacturing Co.*, 722 S.W.2d 399 (Tex. 1986), the Fort Worth court agreed with the plaintiffs' analogy, holding it could screen the record to determine whether the address provided to the Secretary of State

was the nonresident defendant's *home* or *home office*. The *Mahon* court held this was the case although the plaintiff did not label it as such. The *Mahon* court noted the plaintiff introduced the contract between it and Mahon. The court stated there was testimony that Mahon did business under a business name at the address listed in the contract. This address was the address designated as Mahon's business address in the petition. The plaintiff elicited this testimony at the default hearing. *Mahon*, 783 S.W.2d at 771.

The *Mahon* court then held where only one address is given in a contract as a business address, it is the *home office* of the party using such address. *Mahon*, 783 S.W.2d at 771. In our view, the *Mahon* court mistakenly relied upon *Capitol Brick*. Our sister court's interpretation of section 17.045(a) was too broad.

*Capitol Brick* was also a writ of error case. The issue in *Capitol Brick* was whether the Texas Long–Arm Statute requires personal service on *the* Secretary of State as opposed to someone within the Secretary of State's office designated to accept service. In *Capitol Brick*, the supreme court neither discussed nor held what the *Mahon* court said it held. *See Capitol Brick, Inc.*, 722 S.W.2d at 401; *Mahon*, 783 S.W.2d at 771. The *Mahon* court recognized that a plaintiff must strictly comply with the long-arm statute. It also recognized that inherent with strict compliance is the requirement that the courts strictly construe the statute. *See Mahon*, 783 S.W.2d at 771. In our view, the *Mahon* court gave only lip service to these standards and incorrectly broadened the statute. We decline to follow *Mahon*.

We indulge in no presumptions favoring valid service in a direct attack on a default judgment. *Uvalde*, 690 S.W.2d at 885; *McKanna*, 388 S.W.2d at 929. Neither may we indulge in inferences to determine whether a plaintiff has sufficiently alleged jurisdictional facts. *McKanna*, 388 S.W.2d at 930; *Verges*, 642 S.W.2d at 822.[2]

---

**2.** In retrospect, we believe language in *Verges* and *Bannigan* indicating our Court drew inferences is too broad. *See Bannigan*, 766 S.W.2d at 592; *Verges*, 642 S.W.2d at 822. We are persuaded this Court intended to follow the standards set out in *Uvalde* and *McKanna*. To

■ Because Hartsell did not allege the address he provided to the Secretary of State for service upon Boreham was either Boreham's *home* or *home office* address, he did not strictly comply with the statutory requirements of service under the Texas Long–Arm Statute. We hold the record does not show strict compliance with the mode of service Hartsell used. Service was invalid and of no effect. The trial court did not acquire personal jurisdiction over Boreham. *Uvalde*, 690 S.W.2d at 885. We sustain the first point of error.

Because we sustain Boreham's first point of error, it is not necessary to consider his remaining points of error. We set aside the default judgment. We reverse and remand the cause for a new trial. Because Boreham appeared by his motion to quash service, it is not necessary for service to reissue.

the extent this Court misstated the rule, this Court did so inadvertently. In the context of determining whether the plaintiff has strictly complied with statutory requirements for long-arm service, we may not indulge in presumptions or inferences. *Uvalde*, 690 S.W.2d at 885; *McKanna*, 388 S.W.2d at 930.