Donald **SEELEY** and **Kern Medical, Inc.**, Appellants,

v.

**KCI USA, INC.**, Appellee.

No. 04–01–00105–CV.

Court of Appeals of Texas, San Antonio.

May 1, 2002.

Reed Greene, Reed Greene, M.P.A., J.D., San Antonio, for appellants.

Trent B. Miracle, Elms Harmon, L.L.C., San Antonio, for appellee.

Sitting: PHIL HARDBERGER, Chief Justice, PAUL W. GREEN, Justice, SARAH B. DUNCAN, Justice.

Opinion by: PAUL W. GREEN, Justice.

Donald Seeley and Kern Medical, Inc. file this restricted appeal, seeking to set aside a default judgment entered on the suit on sworn account and breach of contract action brought against them by KCI USA, Inc. ("KCI"). We reverse the trial court's judgment and remand this cause for further proceedings.

### Background

On July 12, 2000, KCI filed its Plaintiff's Original Petition, listing Kern Medical as a named defendant. On August 28, 2000, the trial court granted a no-answer default judgment, awarding KCI $98,753.55 in damages. KCI then filed Plaintiff's First Amended Original Petition, adding Donald Seeley as a named defendant on September 26, 2000. On November 7, 2000, the trial court granted KCI a default judgment, finding Kern Medical and Seeley failed to answer timely. It awarded KCI $93,535.55. Seeley and Kern Medical filed this restricted appeal to challenge the default judgment.

### Restricted Appeal

In a restricted appeal, we review four elements: (1) notice filed within six months of the date of judgment; (2) by a party to the suit; (3) who did not participate at trial; and (4) the error complained of must be apparent from the face of the record. Tex.R.App. P. 26.1(c); Tex.R.App. P. 30; *Norman Communications v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997). Holding that Seeley and Kern Medical satisfy the first three elements, we proceed to examine whether there is error apparent from the face of the record.

### A. Seeley's Default Judgment

In his first issue, Seeley claims defective service of process. Specifically, Seeley argues that although he was not added as a named defendant until the amended petition was filed, the record reflects he was served only the original petition. A default judgment is improper against a defendant who has not been served in strict compliance with the law

even if the defendant had actual knowledge of the lawsuit. *Wilson v. Dunn,* 800 S.W.2d 833, 836 (Tex.1990). Further, in a direct attack on a default judgment, there are no presumptions in favor of valid issuance, service, and return of citation. *Primate Constr. Inc. v. Silver,* 884 S.W.2d 151, 152 (Tex.1994). We hold the return, which shows Seeley was served only the original petition, in which he was not a named defendant, constitutes error on the face of the record. *Primate Constr.,* 884 S.W.2d at 153 (holding there was error on the face of the record because the sheriff's return showed the defendant was served a version of the petition in which he was not named as a defendant). We sustain Seeley's first issue.

## B. Kern Medical's Default Judgment

■ Kern Medical argues service was defective because the return shows it was not served the "live" pleading in the case. Kern Medical was a named defendant in the original petition, which was filed on July 12, 2000. Two months later, on September 26, 2000, KCI amended the petition, adding Seeley as a named defendant. The return, which is dated October 20, 2000, shows that Kern Medical was served only the original petition. Kern Medical relies on *Weaver v. Hartford Accident & Indem. Co.,* 570 S.W.2d 367 (Tex.1978); however, *Weaver* stands for the proposition that when a party has been served with citation for the original petition, new citation for an amended petition is necessary for a non-appearing party *only* when the plaintiff seeks a more onerous judgment than prayed for in the original pleading. *Weaver,* 570 S.W.2d at 370. In this case, the amended petition does not seek a more onerous judgment, but rather, it merely adds Seeley as a named defendant. As such, we overrule Kern Medical's third issue.

■ Kern Medical also argues that because the original petition failed to allege Kern Medical could be served at its "home office," the petition fails to satisfy the Texas long-arm statute. Section 17.045(a) of the Texas Civil Practices and Remedies Code governs service of process to nonresidents:

> If the secretary of state is served with duplicate copies of process for a nonresident, the documents shall contain a statement of the name and address of the nonresident's *home or home office* and the secretary of state shall immediately mail a copy of the process to the nonresident at the address provided.

TEX. CIV. PRAC. & REM.CODE ANN. § 17.045(a) (Vernon 1997) (emphasis added). Texas courts have strictly enforced compliance with service of process statutes. *See World Distrib., Inc. v. Knox,* 968 S.W.2d 474, 478 (Tex.App.-El Paso 1998, no pet.); *Bank of Am., N.T.S.A. v. Love,* 770 S.W.2d 890, 891 (Tex.App.-San Antonio 1989, writ denied). Importantly, the burden of showing compliance with the long-arm statute is on the plaintiff. *Whitney v. L & L Realty Corp.,* 500 S.W.2d 94, 96 (Tex.1973).

In *Bank of America,* the petition alleged the defendant, Bank of America, was a foreign corporation and could be served through the Texas Secretary of State, provided that the citation and petition are forwarded to the address of: P.O. Box 278, Brea, California, 72622. *Id.* The petition made "no mention of whether the address was that of the bank's home office." *Id.* In reviewing whether this allegation was sufficient to satisfy section 17.045(a), we stated:

> In order to support a default judgment resting on substituted service, plaintiff's pleadings must allege facts which, if true, would establish defendant's amenability to such service and plaintiff must prove that defendant was, in fact, served

in the manner required by the statute. To uphold the assertion of jurisdiction by the Texas court in this case requires assuming that the post office box which is only described in the pleadings as appellant's "address" is, in fact, the address of appellant's home office. We cannot do so without violating the rule that no presumptions will be indulged in favor of the validity of a default judgment.[1]

We are also aware of the case *Mahon v. Caldwell, Haddad, Skaggs, Inc.*, 783 S.W.2d 769 (Tex.App.-Fort Worth 1990, no writ). *Mahon* considered whether service was defective when the plaintiff alleged that Mahon could be served "at his place of business" instead of at his "home or home office." *Id.* at 771. The Fort Worth Court of Appeals held it could screen the record to determine whether the address provided to the Secretary of State was actually the nonresident defendant's home or home office. *Id.* Upon screening the record, the *Mahon* court held:

> We hold that where only one address is given in a contract as the business address it is the "home office" of the party using such address. A home business address by any other name is still a "home address" or "home office." The cases appellant cites regarding a defendant's "last known address" as not being the same as "home or home office" are not on point.

Other courts have declined to follow *Mahon*. In rejecting *Mahon*, the El Paso Court of Appeals stated, "the strict compliance standard does not brook a review of the whole record, nor any inference in favor of personal jurisdiction." *Whiskeman v. Lama*, 847 S.W.2d 327, 329 (Tex. App.-El Paso 1993, no writ). Likewise, the Dallas Court of Appeals, in rejecting *Mahon*, focused on the standard of review in jurisdictional challenges, emphasizing that appellate courts may indulge no inferences in determining whether a plaintiff has sufficiently alleged jurisdictional facts. *Boreham v. Hartsell*, 826 S.W.2d 193, 196–97 (Tex.App.-Dallas 1992, no writ).

In this case, the original petition alleges Kern Medical is a foreign corporation that may be served through the Secretary of State. The petition states that the citation and petition should be forwarded to "Defendant's office address, 921 Eastwind, Suite 124, Westerville, OH 43081." We note that this is the same address listed in the petition for co-defendant DASCO Home Health Care Corp. The petition does not state that the listed address is the *home office* address of Kern Medical. We find the reasoning of the El Paso and Dallas courts of appeals persuasive, and likewise, we decline to follow the *Mahon* holding, which calls for a review of the record to determine if there is any evidence demonstrating the address alleged in the petition is actually the home address of the defendant. Accordingly, we will not infer that the address listed is Kern Medical's *home office* address. We sustain Kern Medical's fifth issue.

*Conclusion*

We sustain Seeley's first issue and Kern Medical's fifth issue. Because Seeley and Kern Medical were not validly served, the

---

1. *Id.* at 891–92 (citations omitted); *see Carjan Corp. v. Sonner*, 765 S.W.2d 553, 555 (Tex. App.-San Antonio 1989, no writ) (holding service of process was ineffective because "[t]here is nothing in the record of this case that would indicate that the appellant's address, as set out in appellee's petition, was appellant's home office address"); *Verges v. Lomas & Nettleton Fin. Corp.*, 642 S.W.2d 820, 823 (Tex.App.-Dallas 1982, no writ) (holding that under the former long-arm statute "last known address" was not the equivalent of the "home or home office").

trial court failed to obtain in personam jurisdiction over them, and the default judgment is void. Accordingly, we reverse the judgment of the trial court, and the cause is remanded for trial. We need not address Seeley's and Kern Medical's remaining issues.