TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-08-00368-CV






Tough Corp. PTY Ltd., a/k/a Tough PTY Ltd., a/k/a Tough Corp., Appellant


v.


Xplore Technologies Corporation of America, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT

NO. D-1-GN-08-000942, HONORABLE JOSEPH H. HART, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 In this restricted appeal, Tough Corp. ("Tough") appeals from a default judgment
rendered against it. See Tex. R. App. P. 30 (allowing party who did not participate in hearing that
led to judgment complained of and who did not file postjudgment motion or notice of appeal or
request findings and conclusions to file notice of appeal within six months of date judgment is
signed). We will reverse the district court's judgment and remand the case for further proceedings. 


BACKGROUND

 Xplore Technologies Corporation of America ("Xplore") entered into a distribution
agreement with Tough, a foreign corporation, in which Tough agreed to purchase and distribute
equipment from Xplore. In March 2008, Xplore filed suit against Tough in district court on a
sworn account and for breach of the distribution agreement. Essentially, Xplore alleged that for
several months Tough had accepted delivery of equipment but had failed to pay Xplore. Xplore
attempted to serve the citation and a copy of its petition through the long-arm statute of the
civil practice and remedies code. See Tex. Civ. Prac. & Rem. Code Ann. §§ 17.001-.093
(West 2008). Specifically, Xplore attempted to use the substituted service provisions of the long-arm statute, which allows the secretary of state to act as an agent for service of process. See id.
§ 17.044 (West 2008). Under the relevant provisions, Xplore was required to file process documents
containing Tough's "home office" address so that the secretary of state could mail a copy of the
process documents to Tough at the listed address. See id. § 17.045(a) (West 2008). 

 The secretary of state mailed the process documents to the address provided, but
Tough did not respond. Some time after the documents were mailed, Xplore filed a motion for
final default judgment. The district court granted the motion and awarded Xplore a judgment of
$697,263.80. Tough appeals the judgment of the district court. See Tex. R. App. P. 30. 


DISCUSSION

 On appeal, Tough argues, among other things, that Xplore did not comply with the
relevant requirements of the long-arm statute because it failed to provide an address for Tough's
home office. See Tex. Civ. Prac. & Rem. Code Ann. § 17.045(a). 

 In a restricted appeal, the only issue to be considered is whether error is present on
the face of the record. Hubicki v. Festina, 226 S.W.3d 405, 407 (Tex. 2007); see Boreham
v. Hartsell, 826 S.W.2d 193, 195 (Tex. App.--Dallas 1992, no writ). For a default judgment to be
upheld in these circumstances, the plaintiff must have alleged "facts that, if true, would make the
defendant amenable to process under the long-arm statute." See Boreham, 826 S.W.2d at 195. In
other words, there "must be proof in the record of service of process on the defendant in the manner
required by the statute." See id. Further, the plaintiff has the burden of proving that it complied with
the requirements of the long-arm statute. Seeley v. KCI USA, Inc., 100 S.W.3d 276, 278
(Tex. App.--San Antonio 2002, no pet.); Boreham, 826 S.W.2d at 195. If the plaintiff fails to show
that service of process was performed in strict compliance with the statute, the attempted service is
"invalid and without effect." Boreham, 826 S.W.2d at 195. Moreover, when determining if the
requirements have been met, courts strictly construe the statute, Seeley, 100 S.W.3d at 278;
Boreham, 826 S.W.2d at 195, indulge no presumption in favor of valid service, Hubicki, 226 S.W.3d
at 407; Boreham, 826 S.W.2d at 196, and may not infer that a given address, without more, is the
defendant's home office, Seeley, 100 S.W.3d at 279. 

 Xplore's petition did not specifically state that the address provided was the address
for Tough's home office and instead stated that the address provided was Tough's "place of
business." See Boreham, 826 S.W.2d at 197 (concluding that plaintiff failed to strictly comply with
requirements of long-arm statute when he failed to specify that address given was defendant's
home office). However, Xplore insists that the failure to specify Tough's home address does not
require a reversal in this case because the address given in a petition can satisfy the home-office
requirement provided that the "record reflects that the address to which the Secretary of State
forwards process is, in fact, the defendant's . . . home office." 

 As support for its assertion that the home-office requirement can be satisfied by
looking through the record, Xplore principally relies on Mahon v. Caldwell, Haddad, Skaggs, Inc.,
783 S.W.2d 769 (Tex. App.--Fort Worth 1990, no writ). In that case, the plaintiff alleged that the
address he provided to the secretary of state was the defendant's "business address." In deciding
whether that complied with the home-office requirement, the court examined the agreement between
the parties and noted that only one address was listed in the agreement and that the same address
could be found on various invoices. Ultimately, the court concluded that the requirement had been
met because where "only one address is given in a contract as the business address it is the 'home
office' of the party using such address." Id. at 771. 

 As a preliminary matter, we note that the reasoning employed in the Mahon case has
been disapproved of by several appellate courts as being too broad of an interpretation of the home-office requirement. See, e.g., Seeley, 100 S.W.3d at 279 (refusing to adopt reasoning in Mahon and
concluding that, in restricted appeals, courts are not to review entire record to determine if "there is
any evidence demonstrating the address alleged in the petition is actually the home address of the
defendant"); Boreham, 826 S.W.2d at 196 (concluding that Mahon broadened statute and failed to
properly determine whether statute had been strictly complied with). 

 Moreover, even if we were to adopt the reasoning of Mahon, we would still conclude
that the home office requirement had not been satisfied. The distribution agreement listed Tough's
"principal place of business" as "Unit 3, 31-33 Chaplin Drive, Lane Cove, New South Wales, 2066,
Australia." The agreement also listed this address as the place to send Tough any communications
regarding the agreement between the parties. However, Xplore's petition listed Tough's "place of
business" as "12 Chaplin Drive, Lane Cove, Sydney, New South Wales 2066 Australia." 

 Xplore contends that the second address is the home office address because it is the
location where Tough received the products Xplore sent. As support for that assertion, Xplore notes
that the agreement between the parties allowed either party to change the address where they receive
communications pertaining to the agreement provided that notice of the change in address is given
to the other party. Moreover, Xplore points to copies of various invoices in the record with the
second address listed on them and insists that the invoices demonstrate that Tough changed its home
office address to the second address. 

 However, nothing in the record demonstrates that Tough intended for the second
address to serve as its home office or that Tough sent Xplore notice to that effect. In determining
whether the requirements of the long-arm statute have been complied with, we are not permitted to
make inferences in favor of valid service. 

 In light of the preceding, we must conclude that the requirements of the long-arm
statute were not strictly complied with and, therefore, sustain Tough's first issue on appeal. Having
sustained Tough's first issue, we need not address Tough's remaining issue. Consequently, we
reverse the default judgment and remand the case back to the district court for further proceedings. (1) 


 

 David Puryear, Justice

Before Chief Justice Jones, Justices Puryear and Henson

Reversed and Remanded

Filed: May 21, 2009
1. On appeal, Xplore also argues that service was proper because Tough waived the traditional
requirements for service of process by entering into the distribution agreement. Specifically, Xplore
asserts that by entering into an agreement that listed an address where notices regarding the
agreement were to be mailed to, Tough waived the home office and other requirements. However,
even if we were to assume that Tough desired to waive its rights to traditional service of process by
entering into the agreement, as mentioned previously, the address listed in the agreement was not
the address Xplore gave to the secretary of state or where the process documents were mailed to. 
Consequently, even if we were to make the assumption urged by Xplore, we would still conclude
that service of process was improper.