# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00368-CV

**Tough Corp. PTY Ltd., a/k/a Tough PTY Ltd., a/k/a Tough Corp., Appellant**

**v.**

**Xplore Technologies Corporation of America, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
### NO. D-1-GN-08-000942, HONORABLE JOSEPH H. HART, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In this restricted appeal, Tough Corp. ("Tough") appeals from a default judgment rendered against it. *See* Tex. R. App. P. 30 (allowing party who did not participate in hearing that led to judgment complained of and who did not file postjudgment motion or notice of appeal or request findings and conclusions to file notice of appeal within six months of date judgment is signed). We will reverse the district court's judgment and remand the case for further proceedings.

### BACKGROUND

Xplore Technologies Corporation of America ("Xplore") entered into a distribution agreement with Tough, a foreign corporation, in which Tough agreed to purchase and distribute equipment from Xplore. In March 2008, Xplore filed suit against Tough in district court on a sworn account and for breach of the distribution agreement. Essentially, Xplore alleged that for

several months Tough had accepted delivery of equipment but had failed to pay Xplore. Xplore attempted to serve the citation and a copy of its petition through the long-arm statute of the civil practice and remedies code. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 17.001-.093 (West 2008). Specifically, Xplore attempted to use the substituted service provisions of the long-arm statute, which allows the secretary of state to act as an agent for service of process. *See id.* § 17.044 (West 2008). Under the relevant provisions, Xplore was required to file process documents containing Tough's "home office" address so that the secretary of state could mail a copy of the process documents to Tough at the listed address. *See id.* § 17.045(a) (West 2008).

The secretary of state mailed the process documents to the address provided, but Tough did not respond. Some time after the documents were mailed, Xplore filed a motion for final default judgment. The district court granted the motion and awarded Xplore a judgment of $697,263.80. Tough appeals the judgment of the district court. *See* Tex. R. App. P. 30.

**DISCUSSION**

On appeal, Tough argues, among other things, that Xplore did not comply with the relevant requirements of the long-arm statute because it failed to provide an address for Tough's home office. *See* Tex. Civ. Prac. & Rem. Code Ann. § 17.045(a).

In a restricted appeal, the only issue to be considered is whether error is present on the face of the record. *Hubicki v. Festina*, 226 S.W.3d 405, 407 (Tex. 2007); *see Boreham v. Hartsell*, 826 S.W.2d 193, 195 (Tex. App.—Dallas 1992, no writ). For a default judgment to be upheld in these circumstances, the plaintiff must have alleged "facts that, if true, would make the defendant amenable to process under the long-arm statute." *See Boreham*, 826 S.W.2d at 195. In

2

other words, there "must be proof in the record of service of process on the defendant in the manner required by the statute." *See id.* Further, the plaintiff has the burden of proving that it complied with the requirements of the long-arm statute. *Seeley v. KCI USA, Inc.*, 100 S.W.3d 276, 278 (Tex. App.—San Antonio 2002, no pet.); *Boreham*, 826 S.W.2d at 195. If the plaintiff fails to show that service of process was performed in strict compliance with the statute, the attempted service is "invalid and without effect." *Boreham*, 826 S.W.2d at 195. Moreover, when determining if the requirements have been met, courts strictly construe the statute, *Seeley*, 100 S.W.3d at 278; *Boreham*, 826 S.W.2d at 195, indulge no presumption in favor of valid service, *Hubicki*, 226 S.W.3d at 407; *Boreham*, 826 S.W.2d at 196, and may not infer that a given address, without more, is the defendant's home office, *Seeley*, 100 S.W.3d at 279.

Xplore's petition did not specifically state that the address provided was the address for Tough's home office and instead stated that the address provided was Tough's "place of business." *See Boreham*, 826 S.W.2d at 197 (concluding that plaintiff failed to strictly comply with requirements of long-arm statute when he failed to specify that address given was defendant's home office). However, Xplore insists that the failure to specify Tough's home address does not require a reversal in this case because the address given in a petition can satisfy the home-office requirement provided that the "record reflects that the address to which the Secretary of State forwards process is, in fact, the defendant's . . . home office."

As support for its assertion that the home-office requirement can be satisfied by looking through the record, Xplore principally relies on *Mahon v. Caldwell, Haddad, Skaggs, Inc.*, 783 S.W.2d 769 (Tex. App.—Fort Worth 1990, no writ). In that case, the plaintiff alleged that the address he provided to the secretary of state was the defendant's "business address." In deciding

3

whether that complied with the home-office requirement, the court examined the agreement between the parties and noted that only one address was listed in the agreement and that the same address could be found on various invoices. Ultimately, the court concluded that the requirement had been met because where "only one address is given in a contract as the business address it is the 'home office' of the party using such address." *Id.* at 771.

As a preliminary matter, we note that the reasoning employed in the *Mahon* case has been disapproved of by several appellate courts as being too broad of an interpretation of the home-office requirement. *See, e.g.*, *Seeley*, 100 S.W.3d at 279 (refusing to adopt reasoning in *Mahon* and concluding that, in restricted appeals, courts are not to review entire record to determine if "there is any evidence demonstrating the address alleged in the petition is actually the home address of the defendant"); *Boreham*, 826 S.W.2d at 196 (concluding that *Mahon* broadened statute and failed to properly determine whether statute had been strictly complied with).

Moreover, even if we were to adopt the reasoning of *Mahon*, we would still conclude that the home office requirement had not been satisfied. The distribution agreement listed Tough's "principal place of business" as "Unit 3, 31-33 Chaplin Drive, Lane Cove, New South Wales, 2066, Australia." The agreement also listed this address as the place to send Tough any communications regarding the agreement between the parties. However, Xplore's petition listed Tough's "place of business" as "12 Chaplin Drive, Lane Cove, Sydney, New South Wales 2066 Australia."

Xplore contends that the second address is the home office address because it is the location where Tough received the products Xplore sent. As support for that assertion, Xplore notes that the agreement between the parties allowed either party to change the address where they receive communications pertaining to the agreement provided that notice of the change in address is given

4

to the other party.  Moreover, Xplore points to copies of various invoices in the record with the second address listed on them and insists that the invoices demonstrate that Tough changed its home office address to the second address.

However, nothing in the record demonstrates that Tough intended for the second address to serve as its home office or that Tough sent Xplore notice to that effect.  In determining whether the requirements of the long-arm statute have been complied with, we are not permitted to make inferences in favor of valid service.

In light of the preceding, we must conclude that the requirements of the long-arm statute were not strictly complied with and, therefore, sustain Tough's first issue on appeal.  Having sustained Tough's first issue, we need not address Tough's remaining issue.  Consequently, we reverse the default judgment and remand the case back to the district court for further proceedings.[1]

David Puryear, Justice

Before Chief Justice Jones, Justices Puryear and Henson

Reversed and Remanded

Filed:  May 21, 2009

---

[1] On appeal, Xplore also argues that service was proper because Tough waived the traditional requirements for service of process by entering into the distribution agreement.  Specifically, Xplore asserts that by entering into an agreement that listed an address where notices regarding the agreement were to be mailed to, Tough waived the home office and other requirements.  However, even if we were to assume that Tough desired to waive its rights to traditional service of process by entering into the agreement, as mentioned previously, the address listed in the agreement was not the address Xplore gave to the secretary of state or where the process documents were mailed to.  Consequently, even if we were to make the assumption urged by Xplore, we would still conclude that service of process was improper.