

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-15-00065-CV

ROBERT G. BRYANT D/B/A THE                         APPELLANT
WESTERN SHOP

V.

LUCCHESE, INC.                                             APPELLEE

----------

### FROM COUNTY COURT AT LAW NO. 3 OF TARRANT COUNTY
### TRIAL COURT NO. 2014-003254-3

----------

## MEMORANDUM OPINION[1]

----------

In this restricted appeal in a suit on a sworn account, appellant Robert G. Bryant d/b/a The Western Shop appeals the default judgment in favor of appellee Lucchese, Inc. We reverse and remand.

---

[1]See Tex. R. App. P. 47.4.

## Background Facts

In April 2002, Bryant applied for a line of commercial credit with Lucchese for his store, The Western Shop. On the application, Bryant listed the street address and the shipping address as 2833 Castle Hayne Road, Castle Hayne, North Carolina 28429. He listed only himself as an officer of the company and provided his home address in Rocky Point, North Carolina. Lucchese provided goods and sent statements to the Castle Hayne Road address.

In June 2014, Lucchese sued Bryant for the past due balance of his account, $37,252.53. Lucchese served Bryant through service on the Secretary of State of Texas. On July 9, 2014, the Secretary of State forwarded the citation and petition to Bryant at the Castle Hayne Road address by certified mail, return receipt requested. On August 7, 2014, it was returned "Return to Sender, Unclaimed, Unable to Forward."

Bryant failed to appear and answer, and the trial court entered a default judgment against him on August 27, 2014. On February 27, 2015 Bryant filed his notice of restricted appeal.

## Standard of Review

The law abhors default judgments. *Diagnostic Clinic of Longview, P.A. v. Neurometrix, Inc.*, 260 S.W.3d 201, 205 (Tex. App.—Texarkana 2008, no pet.) (citing *Titan Indem. Co. v. Old S. Ins. Grp., Inc.*, 221 S.W.3d 703, 708 (Tex. App.—San Antonio 2006, no pet.)). In a restricted appeal, an appellant may directly attack such a judgment. *See Gen. Elec. Co. v. Falcon Ridge*

*Apartments, Joint Venture*, 811 S.W.2d 942, 943 (Tex. 1991); *Arnell v. Arnell*, 281 S.W.3d 549, 551 (Tex. App.—El Paso 2008, no pet.). To prevail in a restricted appeal, an appellant must show that (1) a notice of appeal was filed within six months of the date the complained-of judgment was signed; (2) the appellant was a party to the suit but did not participate in the hearing that resulted in the judgment; (3) the appellant did not timely file a postjudgment motion, request findings of fact and conclusions of law, or file a notice of appeal within the time permitted under rule of appellate procedure 26.1(a); and (4) the complained-of error is apparent from the face of the record. *See* Tex. R. App. P. 26.1(a), (c), 30; *Watson v. Watson*, 286 S.W.3d 519, 522 (Tex. App.—Fort Worth 2009, no pet.); *Arnell*, 281 S.W.3d at 551.

The long-arm statute allows service of nonresident defendants through the secretary of state. Tex. Civ. Prac. & Rem. Code Ann. § 17.045 (West 2015) ("If the secretary of state is served with duplicate copies of process for a nonresident, the documents shall contain a statement of the name and address of the nonresident's home or home office and the secretary of state shall immediately mail a copy of the process to the nonresident at the address provided."). Strict compliance with the long-arm statute is required. *Mahon v. Caldwell, Haddad, Skaggs, Inc.*, 783 S.W.2d 769, 771 (Tex. App.—Fort Worth 1990, no writ). No presumptions are made in favor of service. *Wachovia Bank of Delaware, N.A. v. Gilliam*, 215 S.W.3d 848, 850 (Tex. 2007). If proper service is not affirmatively shown, error is apparent on the face of the record. *Id.* "While an

3

official's certificate establishes that process was served and forwarded to the address provided, unless it certifies that the forwarding address is the one required by statute, we cannot presume otherwise." *Id.* Under this court's precedent, "the record may be screened to factually determine that the address provided to the Secretary of State was in fact the home or home office of the nonresident defendant." *Mahon*, 783 S.W.2d at 771.

## Discussion

Bryant argues that the default judgment against him is void because it is the result of invalid service. He claims that the face of the record fails to reflect that the forwarding address provided to the Secretary of State was Bryant's "home or home office," as required by the long-arm statute. *See* Tex. Civ. Prac. & Rem. Code Ann. § 17.045(a).

Lucchese acknowledges that the petition does not allege that the Castle Hayne Road is Bryant's "home or home office." The letter sent to the secretary of state also does not contain "a statement of the name and address of the nonresident's home or home office." *Id.* But Lucchese argues that because that address is "the only business address" in the record, service to that address was proper. Lucchese relies on *Mahon*, in which we noted that "compliance does not require the use of magic words, such as 'home' or 'home office.'" 783 S.W.2d at 771. There we held that we can look to the record and when, as in that case, "[t]here is no other address listed in the contract or on any other documents," we can determine that the address given is the "home" or "home office" address. *Id.*

4

Although the contract in this case lists only one address for The Western Shop (as both its "Street Address" and its "Shipping Address"), the contract also contains a different address for Bryant, the party Lucchese sued, labeled as his "Home Address." Screening the record under *Mahon* does not definitively resolve this dispute; there is more than one address listed as the defendant's address, and the address listed as Bryant's home address is different than the one Lucchese provided to the Secretary of State. We therefore cannot presume that the Castle Hayne Road address was Bryant's "home or home office" address as required under the statute. *See Wachovia Bank*, 215 S.W.3d at 850. The face of the record does not affirmatively show proper service. The default judgment must be set aside. We sustain Bryant's issue.

**Conclusion**

Having sustained Bryant's issue, we reverse the trial court's judgment. Bryant asks that we instruct the trial court that Bryant "must be served with process before he is required to answer and appear in the suit." However, our rules of civil procedure state that when a judgment is reversed on appeal for want of service, "no new citation shall be issued or served, but the defendant shall be presumed to have entered his appearance to the term of the court at which the mandate shall be filed." Tex. R. Civ. P. 123; *see Kawasaki Steel Corp. v. Middleton*, 699 S.W.2d 199, 202 (Tex. 1985) (stating that remedy for defective service of process is additional time to answer); *Boyd v. Kobierowski*, 283 S.W.3d 19, 24 (Tex. App.—San Antonio 2009, no pet.) (stating that after securing reversal of judgment in restricted appeal based on defective service of

5

process, defendant was effectively served).  We remand the cause to the trial court for further proceedings consistent with this opinion.

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL:  DAUPHINOT, WALKER, and GABRIEL, JJ.

DELIVERED:  September 17, 2015

6