

# NUMBER 13-15-00225-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE PRONTO GENERAL AGENCY, LTD.

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Garza, Benavides, and Perkes
### Memorandum Opinion Per Curiam[1]

Through this original proceeding, relator Pronto General Agency, Ltd. contends that the trial court erred in denying its motion to quash substituted service. Specifically, Pronto seeks to compel the trial court to vacate its order denying Pronto's motion to quash substituted service of citation and to withdraw its order granting the motion to substitute service filed by real parties, Noe Rojas and Elvia Mercado.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

To be entitled to mandamus relief, a relator must demonstrate that the trial court clearly abused its discretion and the relator has no adequate remedy by appeal. *In re Reece*, 341 S.W.3d 360, 364 (Tex. 2011) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re Cerberus Capital Mgmt. L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam). The adequacy of an appellate remedy must be determined by balancing the benefits of mandamus review against the detriments. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding). Because this balance depends heavily on circumstances, it must be guided by the analysis of principles rather than the application of simple rules that treat cases as categories. *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 464 (Tex. 2008) (orig. proceeding). We evaluate the benefits and detriments of mandamus review and consider whether mandamus will preserve important substantive and procedural rights from impairment or loss. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136.

The Court, having examined and fully considered the petition for writ of mandamus, the response, the reply, and the applicable law, is of the opinion that relator has not met its burden to obtain mandamus relief. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36. Specifically, relator has not shown it lacks an adequate remedy by appeal, considering, for instance, additional or alternative pleadings filed during the underlying proceeding, *see, e.g., Kawasaki Steel Corp. v. Middleton*, 699 S.W.2d 199, 202 (Tex. 1985), or by appeal after a final judgment has been rendered. *See, e.g., Boreham v.*

2

*Hartsell*, 826 S.W.2d 193, 197 (Tex. App.—Dallas 1992, no writ).  Accordingly, we lift the stay previously imposed in this cause and we deny the petition for writ of mandamus without regard to the merits and without prejudice.  *See* TEX. R. APP. P. 52.8(a).


PER CURIAM

Delivered and filed the
17th day of September, 2015.